OPINION
{¶ 1} This cause is an accelerated appeal of the order of the Clinton County Court of Common Pleas, granting a motion by respondent-appellee, Marshall J. Martin, to dismiss the state's petition for forfeiture of personal property. We affirm the trial court's decision.
 {¶ 2} On September 17, 2002, the Clinton County Sheriff's Office executed a search warrant on appellee's residence and seized marijuana plants, firearms, and currency. On September 30, 2002, a Clinton County Grand Jury returned an indictment against appellee, including two criminal specifications seeking the criminal forfeiture of appellee's vehicle and a 17-acre parcel of appellee's property.
 {¶ 3} On March 18, 2003, petitioner-appellant, the state of Ohio, filed a petition for civil forfeiture of the firearms, pursuant to R.C.2933.41, 2933.42, and 2933.43. Appellee filed a Civ.R. 12(B)(6) motion to dismiss the state's petition, arguing that the length of time between the seizure of the property and the state's petition for forfeiture was unreasonable. The trial court granted appellee's motion to dismiss the state's petition. The state appeals the trial court's decision, raising the following assignment of error:
 {¶ 4} "The lower court erred in dismissing the State of Ohio's petition of forfeiture."
 {¶ 5} The state argues that the trial court erred in relying on the Ohio Supreme Court's decision in State v. Baumholtz (1990),50 Ohio St.3d 198, because that case is no longer applicable in light of recent amendments to R.C. 2933.43(C).
 {¶ 6} For a trial court to dismiss a petition pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the petition that the petitioner can prove no set of facts in support of the claim which would entitle it to relief. Cincinnati v. Berretta U.S.A. Corp., 95 Ohio St.3d 416,2002-Ohio-2480. The court must presume that all factual allegations in the petition are true and draw all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190. We review the trial court's decision to dismiss the petition pursuant to Civ.R. 12(B)-(6) de novo. Bell v. Horton (1995), 107 Ohio App.3d 824.
 {¶ 7} Additionally, we note that forfeitures are not favored by the law or equity, and the law requires that individual property rights must be favored when interpreting forfeiture statutes. State v. Cavin, Butler App. No. CA2003-08-197, 2004-Ohio-4978, ¶ 14, citing Dept. of LiquorControl v. Sons of Italy Lodge 0917, 65 Ohio St.3d 532, 1992-Ohio-17. "Statutes imposing restrictions upon the use of private property, in derogation of property rights, must be strictly construed." State v.Lilliock (1982), 70 Ohio St.2d 23, 26.
 {¶ 8} R.C. 2933.43(C) provides:
 {¶ 9} "The prosecuting attorney * * * who has responsibility for the prosecution of the underlying criminal case * * * shall file a petition for the forfeiture, to the seizing law enforcement agency of the contraband seized pursuant to [R.C. 2933.43(A)]. The petition shall be filed in the court that has jurisdiction over the underlying criminal case * * *."
 {¶ 10} In Baumholtz, 50 Ohio St.3d at 199-200, the court held that with regard to R.C. 2933.43, "[n]o specific time limitation is set forth in this portion of the statute. Rather, the only words used are `upon seizure' the appropriate state agency `shall file a petition for the for the forfeiture * * * of the seized contraband.' Of necessity, therefore, we must determine the intent of the legislature as to the time requirements of R.C. 2933.-43(C)."
 {¶ 11} The court went on to hold that, "* * * the General Assembly contemplated the forfeiture petition to be filed within a reasonable time after the seizure of the subject property. In ascertaining whether the state has filed the forfeiture within a reasonable time, the following four factors must be considered: (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." Baumholtz at 201.
 {¶ 12} The state argues that the amendment to R.C. 2933.43(C) subsequent to the Baumholtz decision that removed the phrase "Upon seizure of contraband * * *" was intended to eliminate the requirement that the state file a forfeiture proceeding within a reasonable time after the seizure of the property. We find this reasoning unpersuasive.
 {¶ 13} As the trial court noted in its decision, quoting a passage inBaumholtz at 200-201, "[i]f the General Assembly wanted to establish a specific time for the filing of a forfeiture petition, it certainly would have done so." The General Assembly did amend R.C. 2933.43(C) such that "a forfeiture hearing shall be held * * * no later than forty-five days after the conviction or the admission or adjudication of the violation * * *." (Emphasis added.) However, as we are required to strictly interpret R.C. 2933.43(C) in favor of individual property rights, we cannot infer that this 45-day requirement excuses the state from filing the forfeiture petition six months after seizing the property.
 {¶ 14} After reviewing the record, and balancing the factors the court used in Baumholtz, we determine that the state's delay in filing the forfeiture was unreasonable. According to the record, the length of the delay between the seizure of the property and the filing of the petition was six months. In light of the court's finding in Baumholtz that a delay of five and one-half months was significant, we conclude that the six-month delay in this case also is significant. Id. at 202. The state's only apparent justification for this delay is that the forfeiture proceeding could not be heard until and if appellee is convicted of the underlying felony offense. In Baumholtz, the court rejected such a justification for the delay in filing the forfeiture petition. Id. Also, it is clear from the record that appellee timely asserted his right to possession of the property by filing an answer to the state's petition within seven days of being served with the petition. The fourth factor does weigh in the state's favor, as there is no evidence that appellee has suffered any prejudice in presenting a defense on the merits of the underlying criminal matter. See Baumholtz at 203.
 {¶ 15} In Baumholtz, after weighing the four factors, the court concluded that the five and one-half-month delay was unreasonable, despite finding that only two of the four factors weighed in favor of such a conclusion. Id. In applying the court's balancing test for reasonableness, we find that three of the four factors weigh in appellee's favor, and conclude that the state's unjustified six-month delay in filing the petition for forfeiture was unreasonable. TheBaumholtz balancing test for reasonableness is still applicable, and the trial court reached the proper conclusion after applying the appropriate factors set forth by the Ohio Supreme Court. Accordingly, we will not disturb the trial court's decision dismissing the state's petition for forfeiture of the firearms.[1] The state's assignment of error is overruled.
 {¶ 16} Judgment affirmed.
Walsh, P.J., and Young, J., concur.
[1] We note that no other aspect of appellant's right to possession of the firearms has been raised, either before the trial court or before us. However, neither appellant, nor anyone authorized by appellant to act on his behalf, is entitled to possession of the firearms until they are no longer needed as evidence in the pending criminal matter.