JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Skliros Builders ("defendant") appeals from the order of the Cuyahoga County Common Pleas Court overruling its motion for relief from judgment pursuant to Civ.R. 60(B). For the reasons that follow, we reverse and remand for a hearing.
 {¶ 2} On May 1, 2001, plaintiffs-appellees Juan and Liliana Chada ("plaintiffs") filed a lawsuit against defendant seeking damages for the defective and negligent construction of the roof on their residence.
 {¶ 3} On October 3, 2002, the parties entered into a Settlement Agreement wherein defendant agreed, in pertinent part, to "assume all costs and expenses necessary to remove, replace and/or install roof shingles, felt paper and flashing on all elevations at 1570 Adelaide Court, Westlake, OH. Cost of material and labor to install to be paid by Skliros Builders."
 {¶ 4} On August 28, 2003, defendant filed a Motion to Enforce Settlement alleging that the plaintiffs would not allow them access to their property to repair the roof as ordered by the Settlement Agreement. On September 18, 2003, the trial court granted this motion.
 {¶ 5} On October 2, 2003, plaintiffs filed a Motion to Show Cause alleging that defendant had failed to comply with the terms of the Settlement Agreement by attempting to substitute a different contractor for the one required under the Settlement Agreement.
 {¶ 6} On November 3, 2003, the trial court conducted a hearing in chambers and elected to retain the services of an independent roofing contractor.
 {¶ 7} On December 3, 2003, the trial court received an estimate from Deerfield Roofing/Siding ("Deerfield") to repair the roof and ordered the defendant to "assume all costs and expenses necessary to perform the work described on the attached Deerfield Roofing/Siding Estimate."
 {¶ 8} On November 25, 2003, defendant filed a Motion to Clarify arguing that the estimate provided by Deerfield exceeds the obligations agreed to by the defendant in the Settlement Agreement. Specifically, defendant argued that the Settlement Agreement between the parties did not include the following items found on Deerfield's estimate: install ice and water shield along all gutter edges, up valleys, vertical walls and around chimney and stacks; install preformed aluminum valley with baked-on enamel finish; reflash chimney; reflash walls; new plumbing stack; eliminate 21 roof vents; reinstall four new static air vents and approximately 50 foot ridge vent; two new power roof vents with humidistat with electric hook up. Defendant argues that the only obligations it agreed to perform in the Settlement Agreement was the "remov[al], replace[ment] and/or install[ation] [of] roof shingles, felt paper and flashing on all elevations." On January 6, 2004, the trial court denied this motion.
 {¶ 9} On January 16, 2004, defendant moved to vacate the December 3, 2004 order pursuant to Civ.R. 60(B). Affidavits attached to the motion set out the foregoing facts and showed that defendant believed that the intention of the trial court at the hearing on November 3, 2003 was to allow the independent contractor to advise the court relative to the reasonable expense to perform the work identified and agreed to in the Settlement Agreement; not that the court would order defendant to pay the independent contractor for services and work that exceeded the obligations it agreed to in the Settlement Agreement. On May 27, 2004, the trial court denied the motion to vacate without hearing or opinion. It is from that decision that defendant now appeals and raises two assignments of error.
 {¶ 10} "I. THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO VACATE JUDGMENT."
 {¶ 11} In its first assignment of error, defendant argues that the trial court erred in denying his motion for relief from judgment without first conducting an evidentiary hearing. Plaintiffs maintain that the defendant was not entitled to a hearing because it did not allege any facts that would establish it was entitled to relief under Civ.R. 60(B). The issue here is whether the trial court erred in failing to conduct a hearing on the defendant's motion for relief from judgment.
 {¶ 12} Civ.R. 60(B) provides in part:
 {¶ 13} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 14} As with any motion for relief, the proponent has the burden of proof:
 {¶ 15} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec.v. ARC Industries, supra, paragraph two of the syllabus."
 {¶ 16} A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor to a hearing on the motion. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 104. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. Id. Therefore, he must submit factual material which, on its face, demonstrates the timeliness of the motion, reasons why the motion should be granted, and that he has a defense. Id.
 {¶ 17} If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing to afford the movant an opportunity to present evidence in support of the motion before it rules on the motion. Id. at 105; Coulson v. Coulson (1983),5 Ohio St.3d 12, 16. The failure of the trial court to do so would be an abuse of discretion. Ibid. See, also, Kay v. Marc Glassman (1996),76 Ohio St.3d 18, 19-20; Matson v. Marks (1972), 32 Ohio App.2d 319,327.
 {¶ 18} With these principles in mind, we hold the trial court abused its discretion when it overruled defendant's motion for relief from judgment without first holding an evidentiary hearing.
 {¶ 19} The first part of the GTE test requires that a meritorious defense be presented. Here, defendant claims that the trial court ordered defendant to pay the independent contractor selected by the court for services and work that exceeded the obligations the parties agreed to in the Settlement Agreement. These facts, if true, demonstrate that defendant has a meritorious defense to present, since an evidentiary hearing must be conducted where the terms of a settlement agreement are in dispute. Rulli v. Fan Co. (1997), 79 Ohio St.3d 374.
 {¶ 20} These facts, if true, also demonstrate that defendant may be entitled to relief from judgment under Civ.R. 60(B)(1) and 60(B)(5). Subsection (1) applies to "mistake, inadvertence, surprise or excusable neglect." Subsection (5) is "intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66. It should only be applied to highly unusual and unfair circumstances. Here, defendant's allegations, if true, demonstrate that the independent contractor selected by the court was mistaken in his purpose in evaluating the plaintiffs' roof. Specifically, that he included work and services in his estimate that exceeded the scope of the Settlement Agreement. Not only is this a mistake under Civ.R. 60(B)(1), but it is also a perfect example of when a Civ.R. 60(B)(5) motion should be granted because it would remedy a "miscarriage of justice." See Applev. Dimons, Inc., Cuyahoga App. No. 79482, 2002-Ohio-3241.
 {¶ 21} Finally, as to the third prong, defendant's motion for relief is timely, having been filed less than 60 days after the filing of the December 3, 2003 judgment entry ordering defendant to perform all the work described by Deerfield and only 10 days after the trial court denied defendant's Motion to Clarify.
 {¶ 22} Having found that the trial court abused its discretion in failing to conduct an evidentiary hearing, defendant's first assignment of error is sustained.
 {¶ 23} "II. The trial court erred in failing to grant appellant's motion to vacate judgment and erroneously entered a judgment in favor of plaintiff/appellees."
 {¶ 24} In light of our conclusion as to the first assignment of error, we do not need to address this assignment of error. See App.R.12(A)(1)(c).
 {¶ 25} We reverse and remand this matter to the trial court with instructions that the court conduct an evidentiary hearing to determine if the December 3, 2003 judgment entry ordering defendant to perform all the work described by Deerfield should be vacated.
Judgment reversed and remanded.
It is ordered that appellant recover of appellees its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and McMonagle, J., concur.