JOURNAL ENTRY AND OPINION
{¶ 1} Appellants Association of Cleveland Firefighters, Local 93 of the International Association of Fire Fighters, ("Union") and Robert Fisher ("Fisher") (collectively referred to as "Union") appeal the trial court's decision granting appellees Mayor Jane Campbell ("Campbell") and the City of Cleveland's (collectively referred to as "City") motion for relief from judgment. The Union assign the following errors for our review:
 "I. The trial court abused its discretion by granting relief from judgment because the City failed to sufficiently allege any of the grounds enumerated in Rule 60(B) which would entitle it to such relief."
 "II. The Motion for Relief from Judgment should not have been granted because the City presented no such meritorious defense which would allow such relief."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision, but not for the reasons set forth in the City's Civ.R. 60(B) motion and the trial court's apparent ruling. We affirm the trial court's decision to grant the City's motion under Civ.R. 60(B)(5), "any other reason justifying relief from judgment." The apposite facts follow.
 {¶ 3} The appeal stems from the City's decision, in late 2003, to reduce its safety forces by laying off 150 firefighters. The Union filed suit to prevent the layoffs from taking effect. On December 18, 2003, the City entered into a settlement agreement with the Union ("2003 Concession Agreement"), whereby the Union *Page 3 
made certain concessions for fiscal year 2004, which created the funding to immediately avert the layoff of 50 firefighters.
 {¶ 4} As part of the agreement, the City endeavored to find the funding necessary to recall an additional 30 firefighters, for a total of 80 firefighters not being laid-off. The City also agreed that in 2004, it would recall one laid-off firefighter for every one firefighter that separated from employment for the first ten positions. Thereafter, the City would recall one laid-off firefighter for every two firefighters separated from employment.
 {¶ 5} Finally, the City agreed that in 2004, it would use its best efforts to re-staff up to 44 companies if fiscal resources permitted.
 {¶ 6} On March 30, 2004, alleging that the City had breached the 2003 Concession Agreement, the Union filed a motion to show cause. The Union specifically alleged that the City had improperly allocated the sum of $3.6 million, resulting from a budget reconciliation, for purposes other than the recall of laid-off firefighters. The trial court denied the motion, and the Union appealed.[1]
 {¶ 7} On February 8, 2005, while the appeal was pending before us, the Union filed a second motion to show cause. In its motion, the Union challenged the rate at which the City was recalling firefighters who had previously been laid off. *Page 4 
While the Union's appeal and its second motion to show cause were still pending, the City and the Union reached another agreement ("2005 Settlement Agreement").
 {¶ 8} Pursuant to the 2005 Settlement Agreement, the City agreed that for fiscal year 2005, it would recall laid-off firefighters at the guaranteed level of one firefighter for every firefighter separating from employment. The City also agreed to recall three additional firefighters within thirty (30) days of execution of the agreement. In exchange, the Union agreed to dismiss the appeal pending before us. In addition, the Union agreed not to undertake any further litigation concerning any prior obligation of the City regarding the 2003 Concession Agreement.
 {¶ 9} On March 7, 2006, alleging that the City had violated the terms of the 2003 Concession Agreement, the Union filed a third motion to show cause. The Union specifically alleged that the City had failed to merge the Fire and EMS Dispatch Centers, as promised under the 2003 Concession Agreement. On August 2, 2006, the trial court granted the Union's motion to show cause, and the City appealed.
 {¶ 10} While the appeal was pending, the City alleged that it discovered that it had inadvertently neglected to present the 2005 Settlement Agreement to the trial court. Thereafter, the City filed a motion for relief from judgment, requested that we remand the case to the trial court for reconsideration. *Page 5 
 {¶ 11} On October 18, 2006, we granted the City's motion for remand. On November 13, 2006, the trial court held an evidentiary hearing and subsequently granted the City's motion for relief from judgment.
 Motion for Relief from Judgment {¶ 12} We will address both assigned errors together because they encompass similar propositions of fact and law. The Union argues the trial court abused its discretion when it granted the City's motion for relief from judgment. We disagree.
 {¶ 13} A trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment.[2] Thus, a trial court's decision regarding a Civ.R. 60(B) motion will not be reversed on appeal absent a showing of abuse of discretion.[3] A court abuses its discretion when its decision is unreasonable, arbitrary or unconscionable.[4]
 {¶ 14} Civ.R. 60(B) provides that a court may relieve a party from a judgment or order of the court when certain requirements are met:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence * * *, (3)fraud * * *, misrepresentation or other misconduct of an adverse party; 4) the *Page 6 
judgment has been satisfied, released or discharged * * *; or 5) any other reason justifying relief from the judgment."
 {¶ 15} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate the following:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."[5]
 {¶ 16} Civ.R. 60(B) is a remedial rule that should be construed liberally,[6] but the movant's failure to satisfy any of these three requirements will result in a denial of the request for relief from judgment.[7] The movant is required "to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality."[8]
 {¶ 17} In the instant case, in its motion for relief from judgment, the City presented the 2005 Settlement Agreement, which provides in pertinent part as follows:
 "This Settlement Agreement is being entered into between the City of Cleveland ("the City") and Association of Cleveland Fire Fighters, Local *Page 7 
93 ("the Union") for the purposes of settling the case of Association of Cleveland Fire Fighters, Local 93, of the International Association of Fire Fighters, et al. v. Mayor Jane Campbell, et al., Court of Appeals Case No. 85163, Lower Court Case no. 516262.
 {¶ 18} The parties agree as follow:
 1. For the calendar year 2005, the City agrees to recall one laid of fire fighter for each fire fighter separating from employment.
 2. The City also agrees to recall an additional three fire fighters within thirty (30) days of the execution of this Agreement.
 3. In exchange for these commitments, the Union agrees to dismiss, with prejudice, its appeal of the case captioned Association of Cleveland Fire Fighters, Local 93, of the International Association of Fire Fighters, et al. v. Mayor Jane Campbell, et al., Court of Appeals Case No. 85163, Lower Court Case no. 516262, and otherwise agrees not to file any other motions, lawsuits, or grievances regarding the Settlement Agreement entered into between the City and the Union dated December 18, 2003, related to the afore-mentioned lawsuit."
 {¶ 19} The City's attorney stated that he had inadvertently failed to present the 2005 Settlement Agreement when the Union filed the third motion to show cause. The City's attorney stated that his oversight was due to the eleven month period of time that had elapsed since the execution of the Agreement and the Union filing its motion to show cause. Finally, the City's attorney argued that his failure to present the 2005 Settlement Agreement, which the City considered to be dispositive of the issues raised in the Union's third motion to show cause, amounted to excusable neglect.
 {¶ 20} Civil Rule 60(B)(1) provides that a judge "may relieve a party or his legal representative from a final judgment, order or proceeding for mistake, inadvertence, *Page 8 
surprise or excusable neglect[.]"[9] The term "excusable neglect" is an elusive concept which has been difficult to define and to apply.[10] The Supreme Court has defined it "in the negative," stating that "inaction of a [movant] is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'"[11]
 {¶ 21} In the case sub judice, it is undisputed that the City's Civ.R.60(B) motion was timely filed and they are asserting valid defenses as the 2005 Settlement Agreement evinces. Accordingly, the issue for us is whether they are entitled to relief under Civ.R.60(B)(1). We think not. The lawyer's action in this case is not excusable neglect. It is merely neglect. However, justice demands that we look beyond Civ.R. 60(B)(1) to Civ.R. 60(B)(5).
 {¶ 22} Civ.R. 60(B)(5) is "intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment."[12]
 {¶ 23} It should only be applied to highly unusual and unfair circumstances.[13] *Page 9 
 {¶ 24} The record reveals that the trial court was mindful of the unusual circumstances. In granting the City's motion for relief from judgment, the trial court stated:
 "* * *When you talk about mistake, inadvertent surprise or excusable neglect you also have to talk then about any other reason justifying relief from judgment. With that I have to look further down the line than just one lawyer's, as he said honest mistake. And that is to say what the impact is also on the prior litigation that I've already ruled on, which is in the Court of Appeals, but there is a stay on it, the impact on the city, the tax payers."[14]
 {¶ 25} Here, the record reveals that the 2003 Concession Agreement resulted in an immediate reduction in the amount of firefighters the City had anticipated laying off. The 2003 Concession Agreement also resulted in more firefighters being called back to the City. However, litigation persisted, consequently, the 2005 Settlement Agreement was executed.
 {¶ 26} At the hearing on the motion for relief from judgment, the former Mayor, Jane Campbell, testified regarding the intent behind the 2005 Settlement Agreement.
The Mayor stated:
 "There had been numerous litigations and threats of litigation as a result of the original settlement agreement that occurred when we had the layoffs. And what we were looking for in this was by doing what we felt was a gesture of goodwill to bring fire fighters back on one for one, add the additional three personnel that we were looking for the Union to *Page 10 
do and what I understood that they did do was agree to cease litigating that matter and move forward."[15]
 * * *
 "But what we agreed was that we would bring back the fire fighters on a quicker basis, and three additional. In exchange for that what the city got was an agreement from 93 that there would be no motions, lawsuits, grievances or anything else related to the settlement agreement. Therefore, we could move forward because we were not going to litigate the settlement agreement and we were going to have a stronger fire department because we had more fire fighters."[16]
 {¶ 27} After viewing the totality of the circumstances, the impact on the city, and the taxpayers, we conclude that the instant case is a perfect example of when a Civ.R. 60(B)(5) motion should be granted. Consequently, we find no abuse of discretion in the trial court's decision to grant the City's motion for relief from judgment. Accordingly, we overrule the Union's assigned errors.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, JUDGE
JAMES J. SWEENEY, P.J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY
[1] Ass'n of Cleveland Firefighters, # 93 v. Campbell, Cuyahoga App. No. 84148, 2005-Ohio-1841.
[2] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
[3] Smith v. Smith, Cuyahoga App. No. 83275, 2004-Ohio-5589, citingDoddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 11.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[5] GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus; Tirabassi v. Normandy TowersApts. (1997), 122 Ohio App.3d 635, 638.
[6] Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20.
[7] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
[8] Id. at 20-21.
[9] Stickler v. Ed Breuer Co. (Feb. 24, 2000), Cuyahoga App. Nos. 75176, 75192 and 75206.
[10] Kay, 76 Ohio St.3d at 20.
[11] Id., quoting GTE Automatic Elec., Inc., 47 Ohio St.2d at 153;Rose Chevrolet, Inc., 36 Ohio St.3d at 21 fn. 4.
[12] Chahda v. Skliros Builders, Cuyahoga App. No. 84864,2005-Ohio-3440 quoting Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66.
[13] id.
[14] Tr. at 118.
[15] Tr. at 51.
[16] Tr. at 63. *Page 1