[Cite as *Middletown App., Ltd. v. Singer*, 2019-Ohio-2378.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| MIDDLETOWN APP., LTD., | : | |
| Appellee, | : | CASE NO. CA2018-08-165<br>CA2018-11-224 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 6/17/2019 |
| STEVE SINGER, et al., | : | |
| Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2018-03-0661


Christopher Wiest, 25 Town Center Boulevard, Suite 104, Crestview Hills, Kentucky 41017, for appellee

Doucet & Associates, Co., L.P.A., Marcelle Rose Anthony, 700 Stonehenge Parkway, Suite 2B, Dublin, Ohio 43017, for appellants


**PIPER, J.**

{¶ 1} Appellants, Steve and Aaron Singer, appeal a decision of the Butler County Court of Common Pleas denying their motion for relief from a default judgment granted to appellee, Middletown App. Ltd. ("MAL").

{¶ 2} Steve and Aaron are father and son. Aaron agreed to purchase a mobile home located on MAL property in Middletown, Ohio, and asked his father for help in moving it. When the Singers arrived in Ohio to relocate the mobile home, MAL employees blocked the removal because they claimed the mobile home's owner owed the company back rent. The

Singers paid $500 to the MAL employees to address the back-rent, but the employees continued to deny removal until the Singers called police. Subsequent to the police being called, MAL employees allowed the Singers to take the mobile home.

{¶ 3} A few months later, Steve received a complaint from MAL alleging trespass and property damage. MAL requested $10,000 in initial property damage and moved for treble damages, punitive damages, and a permanent injunction. MAL alleged that Aaron and Steve trespassed when they came to remove the mobile home because 10 years previously, it had sent a letter to Steve informing him that he was not permitted on MAL property.

{¶ 4} While Steve never denied he received service of the complaint, Aaron claimed he was never served. Even so, Steve informed Aaron of the suit, and Aaron averred that he contacted the court regarding the suit. A status conference was set for July 23, 2018, which Steve and Aaron averred they were going to attend despite their difficulty in obtaining legal counsel in Ohio.

{¶ 5} Prior to the status conference, on July 10, 2018, MAL moved for default judgment because Steve and Aaron had not filed an answer. The trial court granted the default judgment six days later on July 16, 2018, awarding MAL $86,800. These damages included $10,000 in property damages trebled to $30,000 according to R.C. 2307.61, punitive damages of $50,000, and attorney fees of $6,800. Steve and Aaron employed Ohio counsel and filed a motion for relief from judgment according to Civ.R. 60(B). Within the motion, Aaron claimed that he never received service, and together, he and Steve claimed excusable neglect and a meritorious defense.

{¶ 6} The trial court denied the motion without first holding an evidentiary hearing. Within the trial court's denial, it found that service was proper on Aaron and that the Singers failed to demonstrate excusable neglect or a meritorious defense. The Singers now appeal

the trial court's decision, raising two assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED DENYING APPELLANS [SIC] 60(B) MOTION.

{¶ 9} The Singers argue in their first assignment of error that the trial court erred by denying their motion for relief from default judgment.

{¶ 10} Civ.R. 60(B) provides that the trial court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) any other reason justifying relief from the judgment.

{¶ 11} To prevail on a Civ.R. 60(B) motion, the moving party has the burden to demonstrate that it (1) has a meritorious claim or defense to present if the motion is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) has made the motion within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken.[1] *Motorists Mut. Ins. Co. v. Roberts*, 12th Dist. Warren No. CA2013-09-089, 2014-Ohio-1893, 22.

---

1. Aaron and Steve filed their Civ.R. 60(B) motion on August 29, 2018, a month and a half after default judgment was taken and well-within the one-year timeframe required by law.

{¶ 12} The decision to grant or deny a Civ.R. 60(B) motion lies in the discretion of the trial court, and will not be reversed on appeal absent an abuse of that discretion. *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 14. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} Where it appears on the face of the record that there are no grounds for relief from judgment, the trial court may grant the motion without conducting an evidentiary hearing. *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763. However, if a movant's Civ.R. 60(B) motion contains allegations of operative facts warranting relief from judgment, the trial court should grant an evidentiary hearing to take evidence and determine the credibility of the affiants. *Coulson v. Coulson*, 5 Ohio St.3d 12 (1983).

**Meritorious Defense**

{¶ 14} As noted above, the trial court found that the Singers had no meritorious defense. We disagree. Regarding a meritorious defense, the movant need not prove that a claim or defense will actually prevail. *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 20 (1988). Rather, the movant's burden is to demonstrate the existence of a meritorious claim or defense by alleging operative facts with enough specificity to permit the trial court to determine whether the movant's asserted claim or defense *could* be successfully argued at trial. *Id.* at 20-21. The allegation of operative facts required must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, or other sworn testimony. *Whittle v. Davis*, 12th Dist. Butler No. CA2013-08-153, 2014-Ohio-445, ¶ 21.

{¶ 15} MAL's complaint alleged trespass, which occurs when a person, without

privilege to do so, physically invades the property of another. *Estes v. Robbins Lumber, LLC,* 12th Dist. Clermont No. CA2016-02-011, 2016-Ohio-8231. To state a cause of action in trespass, a property owner must prove two essential elements: (1) an unauthorized intentional act, and (2) an intrusion that interferes with the owner's right of exclusive possession of her property.[2] *Id.* at ¶ 16.

{¶ 16} The record indicates that Aaron and Steve asserted the defense of privilege in their Civ.R. 60(B) motion, specifically that they had permission to be on the MAL property to retrieve and move the mobile home Aaron had purchased. Aaron and Steve offered affidavits in support of their defense, as required by law. Specifically, the Singers averred that the $500 payment they made when MAL employees refused to allow them to move the mobile home permitted them to be on the property and allowed them to remove the mobile home. Moreover, the record indicates that when the Singers called police, the MAL employees were instructed to permit the Singers to remove the mobile home without further interference.

{¶ 17} Aaron and Steve offered affidavits alleging these operative facts in support of their defense. Again, the defendants need not prove that they would prevail on their defense, only that they had a defense that they could argue. While the trial court questioned Aaron's and Steve's credibility, the trial court did not hold an evidentiary hearing and improperly determined credibility issues through the affidavits alone.[3]

---

2. Despite the trial court's damage award, we note that R.C. 2307.61 is restricted to a civil action under R.C. 2307.60 for theft or "to recover damages from any person who willfully damages the owner's property." Thus, a civil action under R.C. 2307.60 for a criminal act that does not involve theft or willful damage to property does not invoke the special damages provisions of R.C. 2307.61. Because MAL's R.C. 2307.60 civil action was for criminal trespass it did not involve damage to property.

3. The trial court's credibility determination may have been skewed by its own misunderstanding of the record, as demonstrated by mistakes stated in its order denying the motion for relief from judgment. For example, the trial court credits Aaron with statements in his affidavit specific to his denial of service claim that were never actually made in Aaron's affidavit. The trial court also misspoke about what address was used in the complaint to serve Aaron, and whether the address was the same for Steve's business.

{¶ 18} The trial court determined that the Singers failed to support their meritorious defense because they did not submit any documents, exhibits, or other materials to show the sale of the mobile home. Surprisingly, to the contrary, the court gave great weight to a letter from MAL, dated 2008, which was attached to MAL's complaint. In that letter, MAL denies Steve permission to be on its property. However, the letter is merely attached to the complaint, and there is no indication in the record that the letter had been sent to the Singers or that the letter was specific to the MAL property in Middletown, Ohio.

{¶ 19} The letter, addressed to Steve alone, references its sender as SSK Communities and makes specific reference to SSK property in Indiana and Kentucky. Moreover, the letter lists the sole consequence of coming onto SSK property as being arrest by police. The letter's enforceability is an issue that requires litigation of the matter because there is no express indication that the letter applied to Aaron or to MAL's property in Ohio. Also, and as undisputed by the record, there is no indication that SSK Communities tried to have Steve or Aaron arrested, as threatened within the letter. The letter's existence in the record does not overcome the operative facts set forth by the Singers in their Civ.R. 60(B) motion.

**Excusable Neglect**

{¶ 20} We also find that the trial court erred regarding the Singers' claim of excusable neglect. The determination of whether neglect was excusable must take into consideration all the surrounding facts and circumstances. *State ex rel. Doe v. Register*, 12th Dist. Clermont No. CA2008-08-081, 2009-Ohio-2448, ¶ 13. Neglect is inexcusable if a party's conduct falls substantially below what is reasonable under the circumstances, or if the neglect can be regarded as a "complete disregard for the judicial system." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). Courts must also remain mindful of the

admonition that cases should be decided upon their merits, where possible, rather than on procedural grounds. *Register* at ¶ 13.

{¶ 21} While the trial court determined that there was no excusable neglect, the record does not demonstrate a complete disregard for the judicial system by Aaron or Steve. Instead, Aaron averred that he called the court about the suit when he was advised of the suit by his father, and both Steve and Aaron were aware of the status conference. While it is undisputed that the Singers did not file a proper answer, they were engaged with the court regarding the scheduled status conference and were looking for Ohio counsel when the trial court granted the default judgment.

{¶ 22} The trial court ordered judgment in favor of MAL for $86,800; comprised of $10,000 in compensatory damages, which were tripled, punitive damages of $50,000, and $6,800 in attorney fees. The contested issues of trespass and whether damages actually occurred would have been better decided on its merits given the sparse information contained in the record in regard to whether damages occurred, and if so, to what degree. Again, we are cognizant that cases should be decided upon their merits, where possible, rather than on procedural grounds.

{¶ 23} After review of the record, we find the trial court abused its discretion in not granting the Singers' Civ.R. 60(B) motion. While this court makes no conclusions as to whether the Singers will be victorious in their defense, they nonetheless have one to present, and their failure to file a proper answer is excusable neglect under the circumstances of the case at bar. As such, the Singers' first assignment of error is sustained.[4]

---

4. The Singers' second assignment of error in which they challenge the damage award is rendered moot by our decision to reverse the trial court.

- 7 -

{¶ 24} Judgment reversed, and the cause is remanded for further proceedings.

RINGLAND, P.J., and M. POWELL, J., concur.