[Cite as *Total Quality Logistics, L.L.C. v. ATA Logistics, Inc.*, 2020-Ohio-1553.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | |
| Appellee, | : | CASE NO. CA2019-09-071 |
| | : | O P I N I O N |
| - vs - | | 4/20/2020 |
| | : | |
| ATA LOGISTICS, INC., | : | |
| Appellant. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2019 CVH 00244

The Law Offices of Brian T. Giles, LLC, Brian T. Giles, 1470 Apple Hill Road, Cincinnati, Ohio 45230, for appellee

Durkee & Uhle, LLC, Richard B. Uhle, Jr., 284 North Street, Batavia, Ohio 45013, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, ATA Logistics Inc., appeals a decision of the Clermont County Court of Common Pleas denying its Civ.R. 60(B) motion for relief from judgment.[1]

{¶ 2} Total Quality Logistics ("TQL") entered into a contract with ATA to provide

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

logistic services. ATA granted another company, Empire, permission to use its credit contract with TQL. Empire used TQL's services several times under ATA's contract. TQL sent invoices for its services to ATA. On February 19, 2019, after ATA had failed to pay a number of invoices, TQL filed a complaint against ATA for the unpaid balance of $134,220 plus interest.

{¶ 3} ATA was served with the complaint on February 22, 2019 but failed to answer the complaint or respond in any way. On April 10, 2019, TQL moved for default judgment. ATA did not respond to the motion, and on April 25, 2019, the trial court granted default judgment to TQL. Garnishment proceedings were initiated and ATA first responded in the case on June 14, 2019, by requesting a continuance of one of the garnishment hearings.

{¶ 4} On July 1, 2019, ATA filed a Civ.R. 60(B) motion for relief from judgment. ATA alleged that it had a credit agreement with Empire and that it had mistakenly believed that Empire was handling the claims and making arrangements to pay TQL. Attached to the motion was an affidavit from Brandon Han, ATA's authorized agent, which stated that ATA did not realize the lawsuit was in Ohio or that it had to file an answer. Also attached was a May 7, 2019 email to ATA from Jimmy Ball at Empire stating that "Empire will resolve the situation with TQL." On July 10, 2019, ATA filed a second affidavit from authorized agent Jay Lee, which stated that ATA extended use of the credit contract to Empire for one job only and that TQL and Empire used the contract without ATA's knowledge or consent. ATA subsequently filed a motion for leave to file a third-party complaint against Empire.

{¶ 5} After a hearing on the merits of the motions, the trial court denied both the request for relief from judgment and the motion for leave to file a third-party complaint. ATA now appeals the decision of the trial court and raises two assignments of error for our review:

{¶ 6} I. THE TRIAL COURT ERRED BY NOT GRANTING RELIEF FROM

- 2 -

JUDGMENT WHERE APPELLANT SHOWED IT MET THE REQUIREMENTS OF THE CIVIL RULE.

{¶ 7} ATA first argues that the trial court erred in denying its motion for relief from judgment. To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that (1) he has a meritorious defense or claim to present if relief is granted, (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Failure to meet any one of these three factors is fatal, as all three must be satisfied in order to grant relief. *Scrimizzi v. Scrimizzi*, 12th Dist. Warren No. CA2018-11-131, 2019-Ohio-2793, ¶ 51.

{¶ 8} The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. *Reynolds v. Turull*, 12th Dist. Butler No. CA2018-10-197, 2019-Ohio-2863, ¶ 10. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983).

{¶ 9} Civ.R. 60(B)(1) provides that the court may relieve a party from a final judgment, order or proceeding for "mistake, inadvertence, surprise or excusable neglect." In its motion, ATA claimed excusable neglect because it believed in good faith that representatives of Empire had resolved the case and because ATA had received an email from Ball, confirming that Empire would pay.

{¶ 10} In denying the motion, the trial court determined that while the motion was timely, and the issue of a meritorious defense was a "closer call," ATA had not established excusable neglect. On appeal, ATA argues that excusable neglect exists because it relied on Ball's email and that Ball died shortly after the email was sent. ATA argues the email

"seemed to resolve the issue of Empire's indebtedness to TQL."

{¶ 11} The determination of whether neglect was excusable must take into consideration all the surrounding facts and circumstances. *Middletown App., Ltd. v. Singer*, 12th Dist. Butler Nos. CA2018-08-165 and CA2018-11-224, 2019-Ohio-2378, ¶ 20.

{¶ 12} Neglect is not excusable if a party's conduct falls substantially below what is reasonable under the circumstances, or if the inaction of a party can be regarded as a "complete disregard for the judicial system." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 1996-Ohio-430 (1996).

{¶ 13} Courts have determined that failure to plead or respond after admittedly receiving a copy of a complaint is not excusable neglect. *D.G.M., Inc. v. Cremeans Concrete & Supply Co.*, 111 Ohio App.3d 134, 139 (4th Dist.1996). Likewise, courts have generally held that conduct is not excusable neglect if a party or attorney could have controlled or guarded against the circumstance. *See Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. Franklin Nos. 14AP-640, 14AP-641, and 14AP-642, 2015-Ohio-1368, ¶ 14.

{¶ 14} In this case, ATA received the complaint, but claims that it thought Empire would resolve the amounts due with TQL. ATA failed to timely protect its legal rights by filing an answer and a third-party complaint against Empire. This inaction and disregard for the judicial process does not amount to excusable neglect. ATA failed to preserve its rights in the action and instead relied on its belief that Empire would pay TQL the amounts due. Moreover, as the trial court noted, Ball's email was sent on May 7, 2019, months after the complaint was filed and after ATA's answer was due and therefore cannot be used as a reason for failure to answer the complaint or to respond to the motion for default judgment.

{¶ 15} As mentioned above, a party filing a Civ.R. 60(B) motion must establish all elements to be entitled to relief. Because ATA failed to establish excusable neglect, the

motion for relief from judgment was properly denied. Accordingly, we find the trial court did not abuse its discretion in denying ATA's motion for relief from judgment. ATA's first assignment of error is overruled.

{¶ 16} II. THE TRIAL COURT ERRED IN NOT GRANTING LEAVE TO FILE THE THIRD PARTY COMPLAINT WHEN THERE WERE NO GROUNDS FOR A DENIAL.

{¶ 17} As mentioned above, the trial court denied ATA's motion to file a third-party complaint against Empire on the basis that, because the Civ.R. 60(B) motion had been denied, there was a final judgment in the case. Because we find no error in the trial court's decision to deny ATA's motion for relief from judgment, we also find no error in the trial court's decision to deny the request to file a third-party complaint. ATA's second assignment of error is therefore overruled.

{¶ 18} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.