[Cite as *U.S. Bank, N.A. v. Muma*, 2021-Ohio-629.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


U.S. BANK, N.A.,

      Appellee,

  - vs -

MIRANDA MUMA, et al.,

      Appellees,


    - and -


PETER CHIBINDA, et al.,

      Appellants,

     - vs -

REAL ESTATE PROFESSIONALS, LLC,

      Appellee.

CASE NO . CA2020-05-060

O P I N I O N
3/8/2021


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2017 10 2412


Glenn E. Algie, Brian E. Chapman, 3962 Red Bank Road, Cincinnati, Ohio 45227, for appellee, U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-5

Miranda Muma, 706 Church Road, Upper Marlboro, Maryland 20774, pro se

Peter and Dora Chibinda, 5718 Liberty Pass Drive, Liberty Twp., Ohio 45055, pro se

David F. Robertson, Jr., 1137 Main Street, Cincinnati, Ohio 45241, for Real Estate Professionals, LLC

**S. POWELL, J.**

{¶ 1} Appellants/third-party plaintiffs, Peter and Dora Chibinda, appeal the decision of the Butler County Court of Common Pleas denying their motion for relief from judgment brought pursuant to Civ.R. 60(B)(1) and (B)(5) in this foreclosure action as it relates to their third-party claims against appellee/third-party defendant, Real Estate Professionals, LLC ("REP"). For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} On October 26, 2017, U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-5 ("U.S. Bank"), filed a complaint in foreclosure and reformation of mortgage against Miranda Muma aka Miranda Ngoh ("Muma"). The complaint was in reference to property Muma allegedly owned located on Liberty Pass Drive, Liberty Township, Butler County, Ohio. There is no dispute that the Chibindas were then, and apparently still are, tenants of the Liberty Pass Drive property subject to U.S. Bank's complaint in foreclosure.

{¶ 3} On November 30, 2017, the Chibindas moved to intervene in the foreclosure action pursuant to Civ.R. 24(A)(2). In support of their motion to intervene, the Chibindas alleged, in pertinent part, the following:

> In the instant case, the Chibindas entered into an agreement to lease with option to purchase the property from Defendant Miranda Muma and her husband Henry Mwanguma on March 30, 2012. * * * In doing so, the Chibindas made a down payment of $40,000 with $500 additional earnest money towards the purchase of the property. In April of 2014, the Chibindas obtained the necessary financing and exercised the option to purchase. However, they were then informed that the balance on the outstanding mortgages on the property would not be satisfied by the purchase price. It was then discovered that in lieu of paying off the loans, Defendants Muma and Mwanguma pocketed the $19,400 while the realtors were compensated for their share.

- 2 -

{¶ 4}   The Chibindas were thereafter permitted to intervene in the proceedings as a third-party plaintiff.

{¶ 5}   On February 7, 2018, the Chibindas filed an answer, cross-claim, and third-party complaint naming REP as a third-party defendant.  Several months later, on July 30, 2018, the Chibindas filed an amended answer, cross claim, and third-party complaint again naming REP as a third-party defendant.  As part of their amended complaint, the Chibindas raised claims of fraud and breach of contract against REP.  According to the Chibindas' amended complaint, these claims arose from REP's representation of them in the purchase and sale of real estate located in Butler County, Ohio.  This would include, for instance, the Liberty Pass Drive property at issue in this case.

{¶ 6}   On November 2, 2018, the trial court granted a motion allowing the Chibindas' counsel to withdraw.  After their counsel was permitted to withdraw, the Chibindas filed a variety of pro se motions with the trial court.  This includes, but is not limited to: (1) a motion to "preserve a claim" to "register their dissension of adjudicative facts on the record" pertaining to the trial court's order granting their counsel's motion to withdraw; (2) a motion for extension of time to perfect service of their third-party complaint on Muma; (3) an emergency motion for leave to file an untimely objection to the trial court's decision granting their counsel's motion to withdraw, as well as (4) a motion for default judgment against Muma, (5) a Civ.R. 59(B) motion requesting "judicial enforcement of their right to money due to them from Plaintiff's disbursement after confirmation of public sale of real estate for which it obtained a judgment to foreclose," and; (6) a motion for an "expedited appointment of a receiver" to "manage and execute a private sale" of the Liberty Pass Drive property.

{¶ 7}   On August 12, 2019, REP filed a Civ.R. 12(B)(5) motion to dismiss the Chibindas' amended answer, cross claim, and third-party complaint for insufficiency of service of process.  In support of its motion, REP stated, in pertinent part, the following:

Plaintiff US Bank filed its complaint on October 26, 2017. On February 7, 2018, Defendants and Third Party Plaintiffs Peter and Dora Chibinda filed their initial Answer, Counter (sic) Claim and Third Party Complaint. This complaint was served on Real Estate Professionals, LLC at a business address no longer in use on April 2, 2018.

{¶ 8} Continuing, REP stated:

[T]he docket reflects that Third Party Plaintiff filed an Amended Answer, Counter (sic) Claim and Third Party Complaint on July 30, 2018. Summons was issued by certified mail on August 1, 2018 and notification of failure of service – not deliverable as addressed was issued on August 24, 2018. * * * No copy was sent to the undersigned counsel, nor was a certificate of service to that effect filed. The undersigned counsel has not been contacted regarding the current business address of his client. In short, Third Party Plaintiff's (sic) have made no further effort to serve their complaint against Real Estate Professionals.

{¶ 9} On October 7, 2019, the trial court issued a decision denying REP's motion to dismiss. In so holding, the trial court noted that dismissal was not yet appropriate since "[t]he amended third-party complaint does not assert new or additional claims against REP, and therefore may be served upon REP in accordance with Civ.R. 5." The trial court also noted that "there is no suggestion the REP will suffer any prejudice should the Court allow the Chibindas additional time to perfect service." However, although denying REP's motion to dismiss, the trial court nevertheless ordered the Chibindas to "take immediate action to perfect service of their amended third-party complaint upon REP." The trial court also acknowledged that dismissal was a possibility in instances of non-diligence. This would include, for instance, circumstances where Chibindas did not move diligently to perfect service of process of their amended complaint on REP.

{¶ 10} On October 9, 2019, the trial court issued an order vacating the previously scheduled trial date to allow the Chibindas time to perfect service of process on REP.

{¶ 11} On January 16, 2020, the trial court issued an entry and order dismissing the Chibindas' claims against REP.  The trial court's entry was brought pursuant to Civ.R. 41(B)(1).  In so holding, the trial court stated the following:

> Pursuant to Civ.R. 41(B), the Court dismisses the third-party claims asserted by Third-Party Plaintiff's Peter and Dora Chibinda against Third-Party Defendant Real Estate Professionals, LLC, in this actions without prejudice for their failure to appear and prosecute this matter.  Third-party Plaintiffs failed to appear for a case management conference on January 14, 2020.

{¶ 12} On February 7, 2020, the Chibindas filed a motion for relief from that judgment pursuant to Civ.R. 60(B)(1) and (B)(5).  In support of their motion, the Chibindas stated, in pertinent part, the following:

> Early February, Third-party plaintiffs were conducting a routine browsing of the court record on the website when they stumbled upon the 01/16/2020 judgment dismissal of their case!  As illustrated by Exhibit B, no service of the judgment has ever been served upon them![1]  It is also at the same time that they discovered that they had missed attending a case management conference scheduled for 01/14/2020.  Similarly, no notice of the conference was ever served on Third-party plaintiffs. Presumably, the scheduled case management conference was set during the 07/26/2020 telephone conference and at which, they missed key elements of the conference due to a momentary disconnection of their phone line.

{¶ 13} On April 27, 2020, the trial court issued a decision denying the Chibindas' Civ.R. 60(B)(1) motion for relief from judgment.  In reaching this decision, the trial court stated:

> While the Chibindas' motion is timely, and they seek to raise meritorious claims, they are not entitled to relief from judgment under Civ.R. 60(B)(1) for mistake, inadvertence, surprise or excusable neglect.  In October 2019, the Court ordered the Chibindas to take immediate action to perfect service on their third-party complaint.  The Chibindas were, at a minimum, implicitly warned that their claims were subject to dismissal

---

1. Exhibit B attached to the Chibindas' motion is a photocopy of the trial court's October 9, 2018 order vacating the previously scheduled trial date to allow the Chibindas to perfect service of process on REP.

should they fail to perfect service in a timely manner thereafter. The Chibindas did not take immediate action to perfect service, then failed to appear for a properly noticed status hearing in January 2020.

{¶ 14} Continuing, the trial court stated:

The Court has taken into consideration all the surrounding facts and circumstances in this matter as they relate to Civ.R. 60(B)(1), as well as the fact that this case has suffered significant delay to allow the Chibindas to negotiate a resolution to this matter with Plaintiff, and to pursue claims against parties other than REP. * * * The Court finds that the Chibindas' conduct falls substantially below what is reasonable under the circumstances, and regards it as a disregard for its orders and as a disregard for the civil rules of procedure relating to service of process.

{¶ 15} The trial court also stated that it had found no other compelling reasons to grant the Chibindas relief from judgment pursuant to Civ.R. 60(B)(5). Therefore, finding the Chibindas were not entitled to relief from judgment under either Civ.R. 60(B)(1) or (B)(5), the trial court denied the Chibindas' motion. The Chibindas now appeal the trial court's decision denying their Civ.R. 60(B) motion for relief from judgment, raising the following single assignment of error for review.

{¶ 16} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO VACATE.

{¶ 17} The Chibindas argue the trial court erred by denying their Civ.R. 60(B) motion for relief from the trial court's decision dismissing their claims against REP in accordance with Civ.R. 41(B)(1). We disagree.

{¶ 18} "Civ.R. 60(B) represents a balance between 'the legal principle that there should be finality in every case, so that once a judgment is entered it should not be disturbed, and the requirements of fairness and justice, that given the proper circumstances, some final judgments should be reopened.'" *Mallik v. Jeff Wyler Fairfield, Inc.,* 12th Dist. Butler No. CA2000-06-106, 2000 Ohio App. LEXIS 5238, *13 (Nov. 13,

2000), quoting *Advance Mortgage Corp. v. Novak*, 53 Ohio App.2d 289, 291 (8th Dist.). "[A] court must carefully consider the two conflicting principles of finality and perfection when reviewing a motion for relief from judgment." *Wedemeyer v. USS FDR (CV-42) Reunion Assoc.*, 3d Dist. Allen No. 1-10-46, 2010-Ohio-6266, ¶ 12, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 175 (1994). But, as has been established, it is finality over perfection in the hierarchy of values. *See Tillimon v. Coutcher*, 6th Dist. Lucas No. L-19-1156, 2020-Ohio-3215, ¶ 31 ("although the trial court tipped the balance toward perfection, we must follow binding precedent and tip the balance toward finality instead"). This is because it is finality, not perfection, that "'requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes.'" *Viox v. Metcalfe*, 12th Dist. Clermont No. CA97-03-026, 1998 Ohio App. LEXIS 800, *12-13 (Mar. 2, 1998), quoting *Knapp v. Knapp*, 24 Ohio St.3d 141, 144-145 (1986).

{¶ 19} "To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that (1) he has a meritorious defense or claim to present if relief is granted, (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time." *Total Quality Logistics, LLC v. ATA Logistics, Inc.*, 12th Dist. Clermont No. CA2019-09-071, 2020-Ohio-1553, ¶ 7, citing *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Because all three criteria must be satisfied in order for the trial court to grant relief, the moving party's failure to meet any one of these three factors is fatal. *Scrimizzi v. Scrimizzi*, 12th Dist. Warren No. CA2018-11-131, 2019-Ohio-2793, ¶ 51 ("[f]ailure to meet any one of these three factors is fatal, for all three must be satisfied in order to gain relief"), citing *First Fin. Bank, N.A. v. Grimes*, 12th Dist. Butler No. CA2010-10-268, 2011-Ohio-3907, ¶ 14.

{¶ 20} The trial court found the Chibindas' motion for relief was timely and that the Chibindas sought to raise meritorious claims if relief was granted, thereby satisfying the first

and third prongs of the three-part test set forth above. There is no dispute about these findings. The only issue in this case relates to the second prong, i.e., whether the trial court erred by finding the Chibindas were not entitled to relief under either Civ.R. 60(B)(1) or (B)(5). Pursuant to Civ.R. 60(B)(1), the trial court may relieve a party from a final judgment due to "mistake, inadvertence, surprise or excusable neglect." Under Civ.R. 60(B)(5), however, the trial court has the authority to relieve a party from a final judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) is intended as a "catch-all" provision that "is left for matters of an extraordinary and unusual nature where the interest of justice so calls for it." *Myers v. Lawson*, 12th Dist. Warren No. CA2012-07-068, 2013-Ohio-2500, ¶ 15.

{¶ 21} "The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion." *Reynolds v. Turull*, 12th Dist. Butler No. CA2018-10-197, 2019-Ohio-2863, ¶ 10. "An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably." *Middletown App., Ltd. v. Singer*, 12th Dist. Butler Nos. CA2018-08-165 and CA2018-11-224, 2019-Ohio-2378, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "[T]he vast majority of cases in which an abuse of discretion is asserted involve claims that the decision is unreasonable." *Effective Shareholder Solutions v. Natl. City Bank*, 1st Dist. Hamilton Nos. C-080451 and C-090117, 2009-Ohio-6200, ¶ 9. A decision is unreasonable where it is not supported by a sound reasoning process. *Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton Nos. CA2018-06-003, CA2018-07-004, CA2018-09-012, and CA2018-09-015, 2019-Ohio-4311, ¶ 46.

{¶ 22} The Chibindas initially argue the trial court erred by denying their Civ.R. 60(B) motion because they failed to appear before the trial court for "an unannounced scheduled"

case management conference held on January 14, 2020. However, even assuming the Chibindas' claims that they never received notice of that case management conference proved to be true, the record is nevertheless clear that the trial court did not deny the Chibindas' motion simply because they failed to appear at that case management conference. The record instead indicates the trial court denied the Chibindas' motion based upon its finding the Chibindas' conduct fell "substantially below what is reasonable under the circumstances, and regards it as a disregard for its orders and as a disregard for the civil rules of procedure relating to service of process." This finding was based on the Chibindas' failure to take immediate action to perfect service of process on REP, something the trial court explicitly instructed them to do via its October 7, 2019 decision denying REP's motion to dismiss.

{¶ 23} Again, as the trial court stated when denying the Chibindas' motion for relief from judgment:

> The Court has taken into consideration all the surrounding facts and circumstances in this matter as they relate to Civ.R. 60(B)(1), as well as the fact that this case has suffered significant delay to allow the Chibindas to negotiate a resolution to this matter with Plaintiff, and to pursue claims against parties other than REP. * * * The Court finds that the Chibindas' conduct falls substantially below what is reasonable under the circumstances, and regards it as a disregard for its orders and as a disregard for the civil rules of procedure relating to service of process.

{¶ 24} Therefore, contrary to the Chibindas' claims, the trial court did not deny the Chibindas' motion simply because they failed to appear before the trial court at the January 14, 2020 case management conference. The trial court denied the Chibindas' motion due to their blatant disregard for both (1) the trial court's orders and (2) the civil rules of procedure relating to service of process. Considering the well-established principle that a "trial court has the inherent power to control its own docket and the progress of the

proceedings in its court," *Paramount Parks, Inc. v. Admiral Ins. Co.*, 12th Dist. Warren No. CA2007-05-066, 2008-Ohio-1351, ¶ 37, this was not error by the trial court. To hold otherwise would have the potential to incentivize a party to avoid perfecting service of process as a dilatory tactic to unnecessarily delay the proceedings even further than they already are given a trial court's busy schedule. The Chibindas' claims otherwise lacks merit.

{¶ 25} The Chibindas also argue the trial court erred by denying their Civ.R. 60(B) motion because "they believe that they submitted a meritorious motion with a strong showing of all essential elements deserving of the prescribed relief." The trial court disagreed, and so does this court. This holds true regardless of what the Chibindas themselves believe. Simply stated, the Chibindas have not provided anything to indicate that they should be relieved from the trial court's decision dismissing their claims against REP due to "mistake, inadvertence, surprise or excusable neglect" pursuant to Civ.R. 60(B)(1). The Chibindas have also not provided anything to establish that they should be relieved from that decision for "any other reason justifying relief from the judgment" under Civ.R. 60(B)(5). The Chibindas' claims otherwise lack merit.

{¶ 26} The Chibindas next argue that the trial court erred by denying their Civ.R. 60(B) motion because the trial court "lacked authority" to do so. In support of this claim, the Chibindas argue that it was improper for the trial court to dismiss their claims against REP since the trial court had never given them notice that their claims could be dismissed as required by Civ.R. 41(B)(1). However, while it may be true that Civ.R. 41(B)(1) requires the trial court to give notice of its intentions, the trial court does not have to give *actual* notice of its intention to dismiss. *Wightman v. Weade*, 12th Dist. Fayette No. CA2019-04-006, 2019-Ohio-4915, ¶ 16, citing *Sazima v. Chalko*, 86 Ohio St.3d 151, 155-156 (1999); *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49 (1997) (Civ.R. 41[B][1] no longer requires a trial court to expressly and unambiguously give actual notice of its intention to

dismiss). "Implied notice may be sufficient to satisfy the requirement of Civ.R. 41(B)(1) when reasonable under the circumstances." *Sunkin v. Collision Pro, Inc.,* 174 Ohio App.3d 56, 2007-Ohio-6064, 16 (9th Dist.).

{¶ 27} The trial court found the Chibindas were, at a minimum, given implicit notice that their claims against REP were subject to dismissal if they failed to perfect service of process on REP via its October 7, 2019 decision denying REP's motion to dismiss. Given the nature of REP's motion to dismiss, a Civ.R. 12(B)(5) motion to dismiss for insufficiency of service of process, as well as the trial court's explicit order to the Chibindas to "take immediate action to perfect service of their amended third-party complaint upon REP," the Chibindas had, at worst, implied notice that their claims against REP could be dismissed if they did not take the steps necessary to perfect service of process on REP. Although given over two months to do so, the Chibindas never took those necessary steps to perfect service of process on REP. Therefore, when considering the Chibindas never took the necessary steps to perfect service of process on REP even after they were expressly instructed to do so by the trial court, the trial court did not err by denying their motion because the trial court "lacked authority" to do so.

{¶ 28} The Chibindas additionally argue that the trial court erred by denying their Civ.R. 60(B) motion because the trial court lacked jurisdiction over REP. This, according to the Chibindas, renders the trial court's decision to dismiss their claims against REP "void." To support this claim, the Chibindas argue the following:

> Appellants contend that the Appeals Court should declare the trial court's dismissal judgment **void** because it lacked jurisdiction of the defendant REP. The trial court was not at liberty to proceed with the judgment under its own motion because the Appellants, according to the court's own words) (sic) had not perfect[ed] service upon the defendant.

(Bold text sic.)

{¶ 29} The Chibindas are essentially arguing the trial court could not dismiss their claims against REP because they had not yet perfected service of process on REP. This failure, according to the Chibindas, rendered the trial court's decision to dismiss their claims against REP "void," given the trial court's lack of jurisdiction over REP. However, despite the Chibindas' claims, the trial court most certainly did have jurisdiction to dismiss their claims against REP based on their failure to appear and prosecute this matter after being explicitly ordered to do so by the trial court. That is in fact exactly what Civ.R. 41(B)(1) authorizes the trial court to do under these circumstances. Pursuant to that rule:

> Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶ 30} In this case, the Chibindas not only failed to prosecute their claims against REP, the Chibindas also failed to comply with the trial court's order to "take immediate action to perfect service of their amended third-party complaint upon REP" set forth in its October 7, 2019 decision denying REP's motion to dismiss. Any argument advanced by the Chibindas to the contrary is simply not true. Therefore, finding no merit to any of the Chibindas' arguments advanced herein, the Chibindas' single assignment of error lacks merit and is overruled.

{¶ 31} Judgment affirmed.

PIPER, P.J., and HENDRICKSON, J., concur.