OPINION
{¶ 1} Plaintiff-appellant, Showe Management Corp., (hereinafter "Showe Mgmt."), appeals a decision of the Washington Court House Municipal Court, dismissing a forcible entry and detainer action against appellee, Tamara Hazelbaker (hereinafter "Hazelbaker").[1] For the reasons outlined below, we reverse the decision of the trial court.
 {¶ 2} In February 2004, Hazelbaker entered into a lease agreement with Showe Mgmt., subsidized by the Department of Housing and Urban Development (HUD), under which she paid $24 per month towards rent, due on the first day of each month. In September 2005, Showe Mgmt. initiated a forcible entry and detainer action in Case No. CVG0500721. Showe Mgmt. alleged that Hazelbaker had failed to report a change in the occupancy of the subsidized rental property and had failed to pay rent for the month of September 2005. On November 7, 2005, following a bench trial, the Washington Court House Municipal Court entered judgment in favor of Showe Mgmt. The court held that, although Showe Mgmt. had not sufficiently established that Hazelbaker had failed to report a change in the occupancy of the rental property, Hazelbaker had breached her lease by failing to pay rent for the month of September, and ordered that restitution and possession be restored to Showe Mgmt.
 {¶ 3} On November 10, 2005, Hazelbaker filed a motion for a stay of execution of the court's order in Case No. CVG0500721, pending her appeal of that decision. The municipal court granted the stay on November 14, 2005, stating that the stay of execution "is ordered on the conditions that [Hazelbaker] pay subsidized rental amount to [Showe Mgmt.] for each month, according to the lease, and upon [Hazelbaker's] prosecuting her appeal in a timely manner." Hazelbaker filed a timely appeal to this court in Case No. CA2005-11-031.[2]
 {¶ 4} On December 1, 2005 Showe Mgmt. initiated a second action for forcible entry and detainer against Hazelbaker in Case No. CVG0500902, the basis for the instant appeal. In that cause of action, Showe Mgmt. alleged that Hazelbaker had failed to pay rent for the months of October 2005 and November 2005. Hazelbaker moved to dismiss the action and a hearing was held on December 22, 2005. In ruling on the motion to dismiss, the court reasoned that a second forcible entry and detainer action would be barred by the doctrine of res judicata due to the fact that Showe Mgmt. had already received a favorable judgment in the previous suit. The court stated, "I believe it is because if the Court of Appeals sustains my previous order I believe it is res judicata and so that's, I'm going to dismiss this complaint at this stage but the other order will be in effect." Following that hearing, the court issued a judgment entry dismissing the action in Case No. CVG0500902, stating that the rental premises at issue had already been restored to the plaintiff pursuant to Case No. CVG050721. Showe Mgmt. filed this appeal, raising the following assignment of error for our review.
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT DISMISSED THE FIRST CAUSE OF ACTION BECAUSE THE RENTAL PREMISES AT ISSUE HAD ALREADY BEEN RESTORED TO THE PLAINTIFF IN CASE NO. CVG0500721."
 {¶ 6} Showe Mgmt. argues that the trial court improperly dismissed the forcible entry and detainer action because R.C. 1923.03 specifically permits subsequent actions among landlords and tenants. Showe Mgmt. contends that the court erred in finding that the fact that the property had already been restored to them under the first action acted to bar the second action.
 {¶ 7} Initially, we will address Hazelbaker's assertion that this appeal has been rendered moot by our decision in Case No. CA2005-11-031. In that case, we upheld the decision of the trial court in Case No. CVG0500721, granting judgment in favor of Showe Mgmt. and ordering the premises restored to Showe Mgmt. Showe Mgmt. v. Hazelbaker, Fayette App. No. CA2005-11-031, 2006-Ohio-3619. Hazelbaker asserts that Showe Mgmt. has obtained the only possible benefit available in pursuing this cause of action by way of the successful outcome in the previous cause of action. It is true that "once a landlord has been restored to the property, the forcible entry and detainer becomes moot because, having been restored to the premises, there is no further relief that may be granted to the landlord." Riolo v. Navin, Cuyahoga App. No. 79809, 2002-Ohio-1551. However, Showe Mgmt. urges this court to address the assignment of error, arguing that such issues are capable of repetition, yet evading review in circumstances in which tenants commit subsequent breaches of a lease agreement or statutory obligations while awaiting lower or appellate court decisions on previous forcible entry and detainer complaints. It is well established that an appellate court may issue a decision on an otherwise moot cause of action where the issues are capable of repetition, yet will continue to evade review, and we agree that this case falls within that definition. See State ex rel. GMAMgmt. Co. Inc. v. Callahan (1989), 45 Ohio St.3d 51. Therefore, we will address the question posed in this appeal.
 {¶ 8} The issue before us is whether a landlord may pursue a subsequent action for forcible entry and detainer while a prior successful forcible entry and detainer action against the same tenant is pending on appeal, or whether such cause of action is barred by the doctrine of res judicata. Hazelbaker argues that the trial court in this case properly dismissed the eviction proceeding because she was lawfully residing on the property pursuant to the court's stay order. She further argues that the second eviction proceeding was barred by the doctrine of res judicata because the facts surrounding the non-payment of October and November rent had already been litigated and decided by the trial court in the court's stay order.
 {¶ 9} "A valid final judgment rendered on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."Haney v. Roberts (1998), 130 Ohio App.3d 293. The doctrine of res judicata "operates to preclude the re-litigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." McAlpine v.Patrick, Cuyahoga App. No. 86453, 2006-Ohio-1101, ¶ 8. However, R.C.1923.03, under the chapter permitting actions in forcible entry and detainer against tenants for breach of an obligation within a rental agreement, states that "[j]udgments under this chapter are not a bar to a later action brought by either party." As the Eighth District Court explained in McAlpine, "a judgment in a forcible entry and detainer action does not bar a later action between the same parties arising out of the same subject matter." Id. at ¶ 10. However, a forcible entry and detainer action will bar re-litigation of issues that were actually and necessarily decided in the former action. Id.
 {¶ 10} R.C. 1923.03 has been interpreted to permit subsequent suits between landlords and tenants involving issues and disputes not actually litigated in the previous causes of action. In Hamilton Brownfield'sRedevelopment Inc., LLC. v. Duro Tire Wheel, Butler App. No. CA2003-06-141, 2004-Ohio-1365, this court recognized that where a tenant's allegations of breach were not raised or litigated in the landlord's previous suit for forcible entry and detainer, the subsequent suit was not barred and the trial court properly granted judgment for damages to the tenant. Id. We explained that a forcible entry and detainer action "is a summary proceeding provided by statute and intended to affect only the question of the present right to possess real property." Id. at ¶ 14.
 {¶ 11} In Reck v. Whalen (1996), 114 Ohio App.3d 16, the Second District Court of Appeals noted that R.C. 1923.03 acted to protect a tenant's counterclaim from the doctrines of res judicata and collateral estoppel. See, also, Haney v. Roberts (1998), 130 Ohio App.3d 293
(holding that civil rule requiring compulsory counterclaims to be raised in initial cause of action was inapplicable to action in forcible entry and detainer unless the landlord joins the eviction proceeding with another action, such as one for back rent). And in Weikart v. Abbe, Columbiana App. No. 02CO32, 2003-Ohio-3076, the Seventh District Court of Appeals noted that a second eviction proceeding, successfully litigated while first eviction proceeding was pending on appeal, was a wholly separate cause of action and did not violate the stay issued in the first eviction proceeding. In that case, the landlord of a seasonal rental cabin filed a complaint in forcible entry and detainer, alleging unlawful entry and violations of the rental agreement by the tenants. Id. at ¶ 6. After a trial on the eviction action, the municipal court found in favor of the landlord and ordered the tenants to vacate. Id. at ¶ 8. The tenant then obtained a stay of the court's order and filed a notice of appeal, challenging the landlord's statutory notices of eviction. Id. at ¶ 9.
 {¶ 12} On appeal, the court noted that the appeal had been rendered moot. Id. at ¶ 13. The court explained that, following the issuance of the stay in the first eviction proceeding, the landlord had filed a second forcible entry and detainer action against the tenants. Id. When the trial court again decided the eviction action in favor of the landlord, the tenants appealed. Id. However, the tenant's application for a stay was denied and they therefore vacated the premises. Id. at ¶ 14. Finding that no further meaningful relief was available to the tenants due to their vacation of the rental property, the court held that the tenants' appeal of the first eviction proceeding had been rendered moot. Id. The court also noted that the tenants had previously sought to hold the landlord in contempt for removing them from the premises in violation of the stay issued in the first eviction proceeding. Id. The court stated that it had overruled the motion, finding that the landlord had lawfully accomplished forcible entry and removal of appellants from the rental property through a separate order issued in a separate forcible entry and detainer action. Id.
 {¶ 13} We find the above analysis applicable to the circumstances of the case before us. In the first cause of action initiated against Hazelbaker, Showe Mgmt. sought eviction for Hazelbaker's failure to report a change in the occupancy of the rental premises and for failure to pay rent for the month of September 2005. In the case currently before us, Showe Mgmt. brought a second forcible entry and detainer action against Hazelbaker for failure to pay rent for the months of October 2005 and November 2005. This is a separate cause of action based on separate facts and separate breaches of the rental agreement. Although Hazelbaker argues that she was lawfully residing at the premises pursuant to the trial court's stay of execution, the fact is that she committed separate, subsequent breaches of the lease agreement for which a new cause of action in forcible entry and detainer accrued.
 {¶ 14} Further, we do not agree with Hazelbaker's contention that the facts and issues regarding the nonpayment, nontender of October and November rent were actually litigated and decided on the merits in the first eviction action during the stay proceedings. We have previously recognized that, "where a judgment is rendered on grounds not involving the merits of the case, that judgment cannot be used as a basis for res judicata." Crout v. D.E.R. Bldg. Co. (Nov. 13, 2001), Brown App. No. CA2000-12-039, citing Ameigh v. Baycliffs Corp., 81 Ohio St.3d 247,1998-Ohio-467. Similarly, in May v. Hughey, Summit App. No. 21805,2004-Ohio-3426, ¶ 26, the Ninth District cited Ameigh in holding that "in order for the doctrine to apply, 'the issue under consideration must have been 'passed upon' or 'conclusively decided' in an earlier proceeding."
 {¶ 15} While Showe Mgmt. asserted, in support of its argument to lift the stay issued in the first eviction action, that Hazelbaker had failed to pay rent for the months of October and November 2005, the court did not decide those allegations on their merits. Moreover, the court's decision to modify the stay of execution is not a final appealable order and cannot have res judicata effect with regard to Showe Mgmt.'s cause of action in forcible entry and detainer. While Showe Mgmt's second eviction action may have been, and in fact, eventually was rendered moot by this court's affirmance of the first eviction action, it was not barred by the doctrine of res judicata, as the issues to be litigated were wholly separate from the previous action. Had this court reversed the trial court in Case No. CVG0500721, the original eviction action, Showe Mgmt. would certainly have been able to bring the forcible entry and detainer action against Hazelbaker for failure to pay October and November rent with no concern for the application of res judicata.
 {¶ 16} We therefore find that the trial court erred in finding appellant Showe Mgmt.'s cause of action barred by the doctrine of res judicata and sustain the assignment of error. As this cause of action has, as discussed above, been rendered moot by the previous case and there is no further action that may be taken by the trial court we simply reverse the decision of the trial court.
 {¶ 17} Judgment reversed.
[1] Pursuant to Loc.R. 6(A) we have sua sponte removed this case from the accelerated calendar and placed it on the regular calendar for purposes of issuing this opinion. Mgmt., subsidized by the Department of Housing and Urban.
[2] Finding that the trial court was correct in holding Hazelbaker had breached the terms of her lease by failing to pay the subsidized rent for the month of September 2005, we affirmed the decision of the trial court by a decision issued July 17, 2006. Showe Mgmt. Corp. v.Hazelbaker, Fayette App. No. CA2005-11-031, 2006-Ohio-3619.