[Cite as *Tenancy, L.L.C. v. Roth*, 2019-Ohio-4042.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TENANCY, LLC | JUDGES:<br>Hon. William B. Hoffman, P. J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2019 CA 00034 |
| JULIE ROTH | |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Canton Municipal Court, Case No. 2018 CVG 3235 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 30, 2019 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| ANDREW GINELLA<br>4096 Holiday Street, NW<br>Canton, Ohio 44718 | MICHELA HUTH<br>P. O. Box 17<br>Bolivar, Ohio 44612 |

*Wise, J.*

**{¶1}** Defendant-appellant Julie Roth appeals the February 19, 2019 and February 27, 2019, Judgment Entries of the Canton Municipal Court denying her motions for relief from judgment.

**{¶2}** Plaintiff-Appellee in this matter is Tenancy, LLC.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** On June 4, 2018, Plaintiff-Appellee Tenancy, LLC, filed a Complaint for Eviction against Appellant Julie Roth in the Canton Municipal Court, being Case No. 2018-CVG-3235, alleging two causes of action: (1) a forcible entry and detainer action requesting a writ of restitution of the property for which Appellant had failed to pay rent, and (2) for money damages for the unpaid rent. (*See* Appellee's Complaint). The trial court scheduled a hearing on the Complaint for Eviction for June 15, 2018. Appellant was served with a copy of the Complaint on June 7, 2018.

**{¶5}** On June 15, 2018, the trial court held a hearing on the first cause of action, the forcible entry and detainer action. Appellant appeared at the hearing, as did the Appellee and its attorney. Appellee submitted evidence at the hearing that Appellant had been properly served with a three-day notice as required by law, and that Appellant had failed to pay rent for February, March, April, May, and June of 2018. (T. at 5-6). Testimony was also presented that no rent was offered by or received from the Appellant after the three-day notice and prior to the hearing. (T. at 6).

**{¶6}** No evidence was presented that Appellant had made, attempted to make, or was justified in not making, the rent payments for the months alleged.

**{¶7}** Evidence was also presented that Appellant had refused to vacate the premises, despite her failure to pay rent for five (5) months. (T. at 8).

**{¶8}** Based upon the evidence presented, the Magistrate determined that Appellant had (1) failed to pay rent due on February 1, 2018, and thereafter, and 2) that she was duly served with a three day notice, and 3) that she failed to vacate the property, and 4) that she was duly served with the Complaint as required by law. (June 15, 2018, Report of the Magistrate C.R. 53). Based upon these findings of fact, the Magistrate ordered that Appellee's Writ of Restitution be granted. *Id.* The Magistrate continued the second cause of action, for money damages for the unpaid rent, until August 15, 2018. *Id.*

**{¶9}** The trial court thereafter approved the Report of the Magistrate C.R.53. (June 15, 2018 Judgment Entry; Magistrates Recommendation Approved).

**{¶10}** The set out was scheduled for June 26, 2018, at 2:30p.m. (*See* June 15, 2018 Writ of Restitution Order to Vacate.

**{¶11}** On June 18, 2018, Appellant filed a Motion to Disqualify Magistrate and a Motion for Staying Set Out. In said motions, Appellant argued, *inter alia*, that Appellee, Tenancy, LLC, is not a legal business in Ohio and not the legal owner of the subject premises. *Id.*

**{¶12}** By Judgment Entry filed June 19, 2018, the trial court denied both Motions. Appellant did not appeal the June 19, 2018, Judgment Entry.

**{¶13}** On June 25, 2018, Appellant filed a Motion for Stay and for Order; a Rule 60 Motion for Relief from Judgment; a Motion to Dismiss; a Motion to Set Aside Magistrate's Decision; and a Motion for Emergency Reconsideration of Motion to Stay. In

said motions, Appellant once again argued, *inter alia*, that Tenancy, LLC was not a legal entity in Ohio and therefore lacked standing to sue, and as such the decision of the Magistrate and trial court should be vacated and/or reversed.

**{¶14}** By Judgment Entry filed June 26, 2018, the trial court denied Appellant's Motion to Set Aside and Motion to Dismiss, finding said motions did not raise sufficient issues to determine that the Magistrate failed to consider all relevant facts or properly apply the law. The trial court held further that the Motion for Stay and the Emergency Motion for Reconsideration 'of a previously denied stay' failed to raise any issues not already considered by the Court.

**{¶15}** The trial court set Appellant's Motion for Relief from Judgment for hearing on August 9, 2018.

**{¶16}** Appellant did not appeal the trial court's denial of her Motion for Stay and for Order, Motion to Dismiss, Motion to Set Aside Magistrate's Decision, or Motion for Emergency Reconsideration of Motion to Stay.

**{¶17}** On July 2, 2018, Appellee filed a Notice of Dismissal pursuant to Civ.R. 41(A)(1) dismissing the matter without prejudice. The only claim remaining at the time of Appellee's dismissal was the Second Cause of Action for money damages, which had been set for hearing for August 15, 2018.

**{¶18}** As a result of Appellee's dismissal, the August 9, 2018, hearing on Appellant's 60(B), Motion for Relief from Judgment and the August 15, 2018, hearing on Appellee's second cause of action did not go forward.

**{¶19}** On February 14, 2019, Appellant filed a second 60(B) Motion for Relief from Judgment in which she raised the same arguments regarding standing, purporting to have new "evidence".

**{¶20}** By Judgment Entry filed February 14, 2019, the trial court dismissed Appellant's Civ.R. 60(B) motion, finding that because Appellee had dismissed the cause of action on July 2, 2018, the matter was moot.

**{¶21}** On February 26, 2019, Appellant filed a third 60(B) Motion for Relief from Judgment.

**{¶22}** By Judgment Entry filed February 27, 2019, the trial court found that not only were the issues raised by the Appellant moot due to Appellee's dismissal, but also found that Appellant had failed to support her Motion with sufficient evidence. The trial court's Judgment Entry held: "Based on the reasoning expressed in the Courts [sic] Judgment Entry of 2-19-19 and on finding that Defendant has not supported her 2-26-19 Motion for Relief from Judgment with evidence or presented a meritorious defense, the relief [requested] by Defendant is denied and the motion is dismissed.

**{¶23}** Appellant now appeals, raising the following assignments of error:

<u>ASSIGNMENTS OF ERROR</u>

**{¶24}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING APPELLANT JULIE ROTH'S FEBRUARY 14, 2019 '60(B) MOTION FOR RELIEF FROM JUDGMENT'.

**{¶25}** THE TRIAL COURT ABUSED ITS DISCRETION IN DISMISSING APPELLANT JULIE ROTH'S FEBRUARY 26, 2019 '60(B) MOTION FOR RELIEF FROM JUDGMENT.' "

I., II.

{¶26} In both of her assignments of error, Appellant argues that the trial court erred in denying her motions for relief from judgment. We disagree.

{¶27} In the instant appeal, Appellant argues that the trial court should not have granted the original forcible entry and detainer because Tenancy, LLC was not the "title owner" of the property.

{¶28} Upon review, we find that Appellant's contentions in this appeal relate to her eviction from the subject property. For the reasons that follow, we find this issue is moot.

{¶29} A forcible entry and detainer decides only the right to immediate possession and nothing else. *Seventh Urban, Inc. v. Univ. Circle*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981), fn. 11. If immediate possession is no longer an issue due to vacation, then continuation of the forcible entry and detainer action or appeal is unnecessary. "Once the landlord has been restored to the property, the [result of the] forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that may be granted." *Long v. MacDonald*, 3d Dist. Crawford No. 3-02-10, 2002-Ohio-4693 (holding that the tenant's appeal is moot regardless of whether the tenant's vacation is voluntarily or not); *U.S. Sec. of HUD v. Chancellor*, 8th Dist. Cuyahoga No. 73970, 1999 WL 126170, 1999 Ohio App. LEXIS 605 (Feb. 25, 1999) (agreeing with HUD's argument that the tenants-appellants' appeal was moot since they vacated the premises and affirming on that basis); *see also Riolo v. Navin*, 8th Dist. Cuyahoga No. 79809, 2002-Ohio-1551; *Blosser v. Bowman*, 10th Dist. Franklin No. 00AP-1140, 2001 WL 436088, 2001 Ohio App. LEXIS 1927 (May 1, 2001).

**{¶30}** In the instant case, Appellant vacated the property; therefore, her contentions relating to the proper name of the owner of the premises and alleged impropriety of the eviction are now moot. There was, as mentioned, a second cause of action relating to money damages. It is well established that "[a] court of appeals cannot consider [an] issue for the first time without the trial court having had an opportunity to address the issue." *State v. Peagler*, 76 Ohio St.3d 496, 501, 668 N.E.2d 489 (1996).

**{¶31}** We also find Appellant's claims are barred by *res judicata*. The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated. *Rogers v. Whitehall,* 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986). "Principles of *res judicata* prevent relief on successive, similar motions raising issues which were or could have been raised originally." *Coulson v. Coulson,* 5 Ohio St.3d 12, 13, 448 N.E.2d 809 (1983), citing *Brick Processors, Inc. v. Culbertson,* 2 Ohio App.3d 478, 442 N.E.2d 1313 (5th Dist.1981), paragraph one of the syllabus.

**{¶32}** The trial court entered its judgment on June 15, 2018. Appellant did not file a direct appeal from that judgment. Instead, on February 14, 2019, Appellant filed a motion to vacate the judgment pursuant to Civ.R. 60(B).

**{¶33}** App.R. 4(A) requires that a notice of appeal be filed within 30 days of the date of the judgment appealed from. This requirement is jurisdictional and may not be extended by the appellate court. *Ditmars v. Ditmars,* 16 Ohio App.3d 174, 175, 475 N.E.2d 164 (10th Dist.1984).

**{¶34}** If Appellant wanted to challenge the trial court's original judgment, Appellant could have filed a direct appeal. She did not and is now barred from challenging the trial court's judgment.

{¶35}  In light of the above, Appellant's assignments of error are overruled.

{¶36}  The judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/d 0917