[Cite as *Landings at Beckett Ridge v. Holmes*, 2020-Ohio-6900.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| THE LANDINGS AT BECKETT RIDGE, | : | CASE NO. CA2020-04-050 |
| Appellee, | : | O P I N I O N<br>12/28/2020 |
| | : | |
| - vs - | : | |
| | : | |
| ROSALIND HOLMES, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CVG1901594

David D. Donnett, 1212 Sycamore Street, Suite 33, Cincinnati, Ohio 45202, for appellee

Rosalind Holmes, 2455 Fox Sedge Way, Apt. S, West Chester, Ohio 45069, pro se

**M. POWELL, J.**

{¶ 1}   Appellant, Rosalind Holmes, appeals a decision of the Butler County Area III Court granting a complaint for forcible entry and detainer filed by appellee, The Landings at Beckett Ridge, LLC ("Landings").

{¶ 2}   Holmes leased an apartment from Landings.  She failed to pay the December 2019 rent.  On December 7, 2019, Landings served Holmes with the statutory three-day

notice to leave the premises. When Holmes failed to vacate the apartment, Landings filed a complaint for forcible entry and detainer on December 15, 2019. The complaint only sought restitution of the premises. The matter was scheduled for a hearing on January 8, 2020.

{¶ 3} On December 26, 2019, Jenn Taylor, Landings' property manager, sent an email to Holmes, advising her that

> At this time, the December balance and January rent will need to be paid in full to cancel the eviction process. The total balance is $3,156.82[.] * * *
>
> Please keep in mind that eviction court is scheduled for January 8th. If the above balance is not paid before eviction court we will be unable to accept rent after that morning and will have to continue with the eviction process.
>
> Let us know if there are any questions you have and an intended date to pay rent.

{¶ 4} On January 7, 2020, Holmes successfully moved to continue the eviction hearing to January 15, 2020, due to health issues. On January 14, 2020, Holmes tendered a $3,500 cashier's check for the unpaid rent balance; Landings refused to accept the check.

{¶ 5} On January 15, 2020, the eviction hearing proceeded before a magistrate. Holmes' sole defense was that she had tendered her unpaid rent to Landings the day before and that it was refused. Taylor advised the magistrate that no rent was accepted following the service of the three-day notice to leave. She further advised the magistrate that she had sent an email to Holmes "on the 23rd of the month explaining how much was due before January 8th, the original court date[,] and asked that it be paid before then and * * * after that date we would not be accepting rent." Taylor confirmed that Landings did not receive rent payment from Holmes before January 8, 2020. The magistrate found that Holmes was properly served with the notice to leave the premises, she had failed to timely pay the rent due, and Landings was entitled to restitution of the premises. The magistrate ordered

Holmes to vacate the apartment by January 24, 2020.

{¶ 6} Holmes filed objections to the magistrate's decision. Holmes argued for the first time that Landings' eviction proceedings and refusal to accept the rent payment were retaliatory in violation of R.C. 5321.02(A). Holmes claimed that Landings was retaliating against her because she had sent a letter to the U.S. Department of Commerce, Office of the Inspector General, in November 2019 complaining that Landings "had placed an illegal surveillance in [her] apartment" and requesting an investigation. Holmes further claimed she sent the letter after Landings failed to address her complaints about the "illegal surveillance." Holmes did not seek a stay on the writ of restitution and did not post a bond.

{¶ 7} A hearing on Holmes' objections was held on February 14, 2020. Holmes pressed her retaliation claim. Counsel for Landings advised the trial court that Landings was not served with a copy of Holmes' objections and that it had never heard about Holmes' complaint to the department of commerce. Counsel argued that Holmes' objections were moot because the writ of restitution had been executed and Holmes had vacated the premises.

{¶ 8} Landings and Holmes both filed posthearing memoranda. Landings reiterated the arguments raised during the objections hearing. Holmes argued that Landings improperly failed to submit the December 26, 2019 email at the eviction hearing, waived the three-day notice to leave the premises when it sent the email agreeing to accept late payment of the rent in lieu of proceeding with the eviction, and breached the email/contract when it refused to accept Holmes' $3,500 check on January 14, 2020.

{¶ 9} By decision and entry filed on March 4, 2020, the trial court found the case to be moot as Holmes had vacated the apartment:

> The parties do not dispute that Holmes has already vacated the premises pursuant to the magistrate's decision. It is well settled law that when a tenant vacates the premises pursuant to an

eviction action, any further proceedings are moot. * * * Accordingly, because Holmes is no longer living on the premises, there is no relief that this court can provide her. Her objections are hereby OVERRULED, and the Magistrate's Decision will stand as an order of the court.

{¶ 10} Holmes now appeals, pro se, the trial court's judgment, raising four assignments of error which will be considered out of order.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED BY ISSUING A RULING THAT THE CASE WAS MOOT.

{¶ 13} Holmes argues the trial court erred in ruling that the case was moot because two exceptions to the mootness doctrine apply, namely, the issue is capable of repetition yet evading review and the case involves a matter of public or great general interest. An appellate court reviews a trial court's determination that a matter is moot under a de novo review. *Gold Key Realty v. Collins*, 2d Dist. Greene No. 2013 CA 57, 2014-Ohio-4705, ¶ 22.

{¶ 14} "A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property." *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 2000-Ohio-193. A forcible entry and detainer action decides only the right to immediate possession of property and nothing else. *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25 (1981), fn. 11.

{¶ 15} Once a landlord has been restored to the property, the forcible entry and detainer becomes moot because, having been restored to the premises, there is no further relief that may be granted to the landlord. *Showe Mgt. Corp. v. Hazelbaker*, 12th Dist. Fayette No. CA2006-01-004, 2006-Ohio-6356, ¶ 7. Because Holmes has vacated the apartment and Landings retook possession of the apartment, the forcible entry and detainer action is now moot. Nonetheless, an appellate court may decide an otherwise moot case

- 4 -

where the issues are capable of repetition, yet will continue to evade review, or where the case involves a matter of public or great general interest. *Id.*; *Rithy Properties, Inc. v. Cheesman*, 10th Dist. Franklin No. 15AP-641, 2016-Ohio-1602, ¶ 20.[1]

{¶ 16} The "capable of repetition, yet evading review" exception "applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 2000-Ohio-142.

{¶ 17} While the "procedures set forth in R.C. Chapter 1923 ensure that forcible entry and detainer actions proceed expeditiously in the trial court, * * * R.C. 1923.14(A) provides a defendant with the means to suspend the execution of a judgment of restitution" by obtaining a stay of execution and filing any required bond. *Rithy Properties*, 2016-Ohio-1602 at ¶ 23. Hence, "a forcible entry and detainer action is not too short in duration to be fully litigated through appeal." *Id.*; *Blank v. Allenbaugh*, 11th Dist. Ashtabula No. 2018-A-0022, 2018-Ohio-2582; *AKP Properties, L.L.C. v. Rutledge*, 5th Dist. Stark No. 2018CA00058, 2018-Ohio-5309. Moreover, there is no reasonable expectation that Holmes will be subject to a forcible entry and detainer action again as she concedes she "will be unlikely to rent another apartment from [Landings]." Accordingly, we conclude that the "capable of repetition, yet evading review" exception to the mootness doctrine does not apply to this case.

{¶ 18} The "public or great general interest" exception "should be used with caution

---

1. The proper terminology in the second exception to the mootness doctrine above is "public or great general interest," not the phrase "great public or general interest" used in *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28 (1987). *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12, 14 (1989), fn. 5.

and only on rare occasions." *Rithy Properties* at ¶ 24. "Generally, the invocation of this exception remains the province of the highest court in the state, rather than the intermediate appellate courts, whose decisions do not have binding effect over the entire state." *Id.*

{¶ 19} Holmes asserts that Landings' retaliation against her for reporting the "illegal and unwarranted surveillance placed in [her] rental unit to allow [Landings], the F.B.I. and others to harass and spy on [her]" presents issues of public and great general interest. In our view, however, Holmes' argument is specific to the circumstances of her case and does not present questions of great public importance to justify overcoming the mootness doctrine. *See Gold Key Realty*, 2014-Ohio-4705; *Rithy Properties*, 2016-Ohio-1602 (finding that the importance of the issue failed to meet the high threshold necessary to fit within this exception to the mootness doctrine). Accordingly, we conclude that the "public or great general interest" exception to the mootness doctrine does not apply to this case.

{¶ 20} Holmes' second assignment of error is overruled.

{¶ 21} Assignment of Error No. 1:

{¶ 22} THE JUDGMENT OF THE TRIAL COURT FAILED TO ACKNOWLEDGE FRAUDULENT CONCEALMENT COMMITTED BY APPELLEES.

{¶ 23} Assignment of Error No. 3:

{¶ 24} THE JUDGMENT OF THE TRIAL COURT FAILS TO ACKNOWLEDGE LANDLORD BREACH OF CONTRACT AND WAIVER OF SERVICE.

{¶ 25} Assignment of error No. 4:

{¶ 26} THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 27} In her first assignment of error, Holmes challenges the trial court's judgment, arguing that Landings fraudulently failed to disclose the December 26, 2019 "email agreement" and Holmes' illegal surveillance complaints during the eviction hearing.

{¶ 28} In her third assignment of error, Holmes challenges the trial court's judgment, arguing that it failed to acknowledge that (1) the December 26, 2019 email was a contract which Landings breached by refusing to accept Holmes' $3,500 check, and (2) the email constitutes a waiver of the three-day notice to leave the premises.

{¶ 29} In her fourth assignment of error, Holmes argues that the judgment granting restitution of the premises to Landings is against the manifest weight of the evidence because (1) Landings failed to provide the December 26, 2019 email and Holmes' illegal surveillance complaints at the eviction hearing, (2) Holmes' lease agreement included a very vague and ambiguous buyout provision, and (3) the final account statement Holmes received from Landings was further evidence of Landings' retaliation given Landings' breach of contract when it refused payment of the rent on January 14, 2020.

{¶ 30} As stated above, once a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that can be granted. *Hazelbak*, 2006-Ohio-6356 at ¶ 7. The *only* method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C. 1923.14. *Front St. Bldg. Co., L.L.C. v. Davis*, 2d Dist. Montgomery No. 27042, 2016-Ohio-7412, ¶ 18. "The statute provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal by filing a timely notice of appeal, seeking a stay of execution, and posting a supersedeas bond." *Id.*; *Colonial American Dev. Co. v. Griffith*, 48 Ohio St.3d 72 (1990). If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises. *Cherry v. Morgan*, 2d Dist. Clark Nos. 2012 CA 11 and 2012 CA 21, 2012-Ohio-3594, ¶ 5.

{¶ 31} Holmes failed to seek a stay of execution in the trial court and post a supersedeas bond following the filing of her appeal, and none of the exceptions to mootness

apply herein. Accordingly, the instant appeal is moot. Since Holmes' appeal is moot, we do not reach the merits of her first, third, and fourth assignments of error.

{¶ 32} We recognize that Holmes was acting pro se in the trial court and is acting pro se in this appeal. However, litigants who proceed pro se are held to the same standard as those who are represented by counsel. *Chambers v. Setzer*, 12th Dist. Clermont No. CA2015-10-078, 2016-Ohio-3219, ¶ 10. "Pro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21.

{¶ 33} Appeal dismissed.

HENDRICKSON, P.J. and S. POWELL, J., concur.