[Cite as *Landings at Beckett Ridge v. Holmes*, 2022-Ohio-1272.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| THE LANDINGS AT BECKETT RIDGE, | : | |
| Appellee, | : | CASE NO. CA2021-09-118 |
| | : | O P I N I O N |
| - vs - | | 4/18/2022 |
| | : | |
| ROSALIND HOLMES, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CVG 1901594

David D. Donnett, for appellee.

Rosalind Holmes, pro se.

**S. POWELL, P.J.**

{¶ 1} Appellant, Rosalind Holmes, appeals the decision of the Butler County Area III Court denying her Civ.R. 60(B) motion for relief from the trial court's judgment granting a complaint for forcible entry and detainer filed by appellee, The Landings at Beckett Ridge, LLC ("Landings"). For the reasons outlined below, we affirm the trial court's decision.[1]

{¶ 2} Several years ago, Holmes leased an apartment from Landings located at

---

1. Pursuant to Loc.R. (6)(A), we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

4899 Destination Circuit in West Chester, Butler County, Ohio. Holmes failed to pay Landings rent due for the month of December 2019. Because of this, on December 7, 2019, Landings served Holmes with the statutory three-day notice to leave the premises. Shortly thereafter, when Holmes failed to vacate the premises, Landings filed a complaint for forcible entry and detainer seeking restitution of the premises. The trial court scheduled the matter for an eviction hearing to take place on January 8, 2020.

{¶ 3} On December 26, 2019, Jenn Taylor, Landings' property manager, sent an e-mail to Holmes advising Holmes as follows:

> At this time, the December balance and January rent will need to be paid in full to cancel the eviction process. The total balance is $3,156.82 * * *.

> Please keep in mind that eviction court is scheduled for January 8th. If the above balance is not paid before eviction court we will be unable to accept rent after that morning and will have to continue with the eviction process.

> Let us know if there are any questions you have and an intended date to pay rent.

{¶ 4} On January 7, 2020, Holmes moved to continue the eviction hearing scheduled to take place the next day, January 8, 2020. The trial court granted Holmes' motion and rescheduled the eviction hearing to take place the following week, on January 15, 2020. The day before the rescheduled eviction hearing was to take place, January 14, 2020, Holmes tendered a $3,500 cashier's check to Landings for the unpaid rent balance. Per the terms of the e-mail Taylor sent to Holmes on December 26, 2019 set forth above, Landings refused to accept the cashier's check from Holmes.

{¶ 5} On January 15, 2020, the rescheduled eviction hearing took place before a trial court magistrate. During this hearing, Landings' property manager, Taylor, testified and advised the magistrate that she had sent the above e-mail to Holmes on December 26, 2019 "explaining how much was due before January 8th, the original court date[,] and asked

- 2 -

that it be paid before then and * * * after that date we would not be accepting rent." Taylor also testified and confirmed for the magistrate that Landings did not receive the necessary rent payment from Holmes before the January 8, 2020 deadline set forth in the December 26, 2019 e-mail.

{¶ 6} Upon hearing from both parties, the magistrate issued a decision finding Holmes was properly served with the notice to leave the premises. The magistrate also found Holmes had failed to timely pay the rent due to Landings and that Landings was entitled to restitution of the premises as requested in its complaint. Holmes filed objections to the magistrate's decision. To support her objections, Holmes argued that Landings' eviction proceedings and refusal to accept her $3,500 cashier's check was done in retaliation for her sending a letter to the U.S. Department of Commerce, Office of the Inspector General, complaining that Landings "had placed an illegal surveillance in [her] apartment" and requesting an investigation.

{¶ 7} On February 14, 2020, the trial court held a hearing on Holmes' objections to the magistrate's decision. During this hearing, Landings argued that Holmes' objections were now moot because Holmes had since vacated the premises. Holmes did not dispute that she had, in fact, vacated the premises. Approximately three weeks later, on March 4, 2020, the trial court issued a decision finding the case moot given the fact that Holmes had already vacated the premises. In so holding, the trial court stated:

> The parties do not dispute that Holmes has already vacated the premises pursuant to the magistrate's decision. It is well settled law that when a tenant vacates the premises pursuant to an eviction action, any further proceedings are moot. * * * Accordingly, because Holmes is no longer living on the premises, there is no relief that this court can provide her. Her objections are hereby OVERRULED, and the Magistrate's Decision will stand as an order of the court.

Holmes appealed the trial court's decision to this court, raising four assignments of error for

review. This included one assignment of error, i.e., assignment of error number four, wherein Holmes argued the trial court's decision granting restitution of the premises to Landings was against the manifest weight of the evidence.

{¶ 8} On December 28, 2020, this court issued a decision dismissing Holmes' appeal as moot. *Landings at Beckett Ridge v. Holmes*, 12th Dist. Butler No. CA2020-04-050, 2020-Ohio-6900. In reaching this decision, this court stated:

> Once a landlord has been restored to the property, the forcible entry and detainer becomes moot because, having been restored to the premises, there is no further relief that may be granted to the landlord. * * * Because Holmes has vacated the apartment and Landings retook possession of the apartment, the forcible entry and detainer action is now moot.

(Internal citations deleted.) *Id.* at ¶ 15. This court also stated that, since Holmes' appeal was moot, we would not reach the merits of Holmes' fourth assignment of error challenging the trial court's decision being against the manifest weight of the evidence. *Id.* at ¶ 31 ("[s]ince Holmes' appeal is moot, we do not reach the merits of her first, third, and fourth assignments of error").

{¶ 9} On July 9, 2021, Holmes filed a Civ.R. 60(B) motion for relief from the trial court's decision issued over a year earlier, on March 4, 2020. Holmes brought this motion pursuant to Civ.R. 60(B)(3) and (5). Approximately six weeks later, on August 23, 2021, a trial court magistrate issued a decision recommending the trial court deny Holmes' Civ.R. 60(B) motion in its entirety. In so recommending, the magistrate stated:

> Upon due consideration of defendant's Civ.R. 60(B)(3), (5) motion to Vacate the Judgment of March 4, 2020, the court hereby recommends that the Motion be OVERRULED. Not only is the motion not timely, but it appears to relitigate the same issues that Holmes raised on her objections before the trial court and in her appeal to the 12th District Court of Appeals. CA2020-04-050, 2020-Ohio-6900. That appeal was dismissed because this matter was moot.

{¶ 10} On August 26, 2021, Holmes filed an objection to the magistrate's decision.

- 4 -

As part of her objection, Holmes argued the magistrate erred by finding her Civ.R. 60(B) motion was untimely filed "because of the global health crisis created by the COVID-19 pandemic in which Americans were cautioned against leaving their homes, traveling, entering public facilities on an as needed basis, etc." The following month, on September 21, 2021, the trial court denied Holmes' objection to the magistrate's decision. In so holding, the trial court stated:

> The court has reviewed the entire record in this case, including Holmes's arguments before the Magistrate and pursuant to her objections. The court hereby OVERRULES her objections for all the reasons provided by the Magistrate in his August 23 Decision.

{¶ 11} The trial court also stated:

> Further, the court does not find that the COVID pandemic has prevented Holmes from obtaining documents and from timely filing a 60(B) motion. The court takes judicial notice that Holmes has actively filed numerous Complaints and motions and has actively participated throughout the pandemic, not only in this case, but in other cases in this court.

{¶ 12} On September 22, 2021, Holmes filed a notice of appeal from the trial court's decision.[2] Holmes' appeal now properly before this court, Holmes raises two assignments of error for this court's review.

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.

---

2. We note that, since filing her notice of appeal, Holmes has filed numerous additional motions with this court. This includes Holmes filing two "emergency" motions requesting this court issue a stay and/or temporary restraining order pending appeal, two motions requesting this court reconsider our decision denying her second "emergency" motion for a stay and/or temporary restraining order pending appeal, a motion requesting this court issue an "emergency decision" on her two motions for reconsideration of this court's decision denying her second "emergency" motion for a stay and/or temporary restraining order pending appeal, and two "notifications" informing this court that "there is no just reason" for this court to "delay in issuing an order" on her two "emergency" motions for reconsideration, one of which Holmes "respectfully request[ed]" this court to issue an order on her "emergency" motions for reconsideration "NOW."

{¶ 15} In her first assignment of error, Holmes argues the trial court erred by denying her Civ.R. 60(B) motion for relief from judgment. We disagree.

{¶ 16} "Civ.R. 60(B) represents a balance between 'the legal principle that there should be finality in every case, so that once a judgment is entered it should not be disturbed, and the requirements of fairness and justice, that given the proper circumstances, some final judgments should be reopened.'" *Mallik v. Jeff Wyler Fairfield, Inc.*, 12th Dist. Butler No. CA2000-06-106, 2000 Ohio App. LEXIS 5238, *13 (Nov. 13, 2000), quoting *Advance Mortgage Corp. v. Novak*, 53 Ohio App.2d 289, 291 (8th Dist.1977). "[A] court must carefully consider the two conflicting principles of finality and perfection when reviewing a motion for relief from judgment." *Wedemeyer v. USS FDR (CV-42) Reunion Assoc.*, 3d Dist. Allen No. 1-10-46, 2010-Ohio-6266, ¶ 12, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 175 (1994). "But, as has been established, it is finality over perfection in the hierarchy of values." *U.S. Bank, N.A. v. Muma*, 12th Dist. Butler No. CA2020-05-060, 2021-Ohio-629, ¶ 21, citing *Tillimon v. Coutcher*, 6th Dist. Lucas No. L-19-1156, 2020-Ohio-3215, ¶ 31 ("although the trial court tipped the balance toward perfection, we must follow binding precedent and tip the balance toward finality instead"). This is because it is finality, not perfection, that "'requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes.'" *Viox v. Metcalfe*, 12th Dist. Clermont No. CA97-03-026, 1998 Ohio App. LEXIS 800, *12-13 (Mar. 2, 1998), quoting *Knapp v. Knapp*, 24 Ohio St.3d 141, 144-145 (1986).

{¶ 17} "To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that (1) he [or she] has a meritorious defense or claim to present if relief is granted, (2) he [or she] is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time." *Total Quality Logistics, LLC v. ATA Logistics, Inc.*, 12th Dist. Clermont No. CA2019-09-071, 2020-Ohio-1553, ¶ 7, citing *GTE Automatic Electric,*

*Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Because all three criteria must be satisfied for the trial court to grant relief, the moving party's failure to meet any one of these three factors is fatal. *Scrimizzi v. Scrimizzi*, 12th Dist. Warren No. CA2018-11-131, 2019-Ohio-2793, ¶ 51 ("[f]ailure to meet any one of these three factors is fatal, for all three must be satisfied in order to gain relief"), citing *First Fin. Bank, N.A. v. Grimes*, 12th Dist. Butler No. CA2010-10-268, 2011-Ohio-3907, ¶ 14. "The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion." *Reynolds v. Turull*, 12th Dist. Butler No. CA2018-10-197, 2019-Ohio-2863, ¶ 10. "An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably." *Middletown App., Ltd. v. Singer*, 12th Dist. Butler Nos. CA2018-08-165 and CA2018-11-224, 2019-Ohio-2378, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 18} After a full and thorough review of the record, we find no abuse of discretion in the trial court's decision denying Holmes' Civ.R. 60(B) motion for relief from judgment. This is because, despite Holmes' claims, the trial court's decision is not unreasonable, arbitrary, or unconscionable. In so holding, we agree with the trial court's decision finding Holmes' Civ.R. 60(B) motion was untimely filed. We also agree with the trial court's decision finding Holmes has not demonstrated that she has a meritorious defense or claim to present if relief is granted or that she is entitled to relief under any one of the grounds stated in Civ.R. 60(B). We reach this decision because, as the record indicates, Holmes has already vacated the premises.[3] This is significant because, as this court previously advised Holmes

---

3. Based on the address Holmes' provided to this court, Holmes does not live at the apartment she leased from Landings located at 4899 Destination Circuit in West Chester, Butler County, Ohio. Holmes instead lives in Tennessee.

in *Holmes*, "once a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that can be granted." *Id.*, 2020-Ohio-6900 at ¶ 30, citing *Showe Mgt. Corp. v. Hazelbaker*, 12th Dist. Fayette No. CA2006-01-004, 2006-Ohio-6356, ¶ 7. Therefore, finding no error in the trial court's decision denying Holmes' Civ.R. 60(B) motion for relief from judgment, Holmes' first assignment of error lacks merit and is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 21} In her second assignment of error, Holmes argues the trial court's decision granting restitution of the premises to Landings was against the manifest weight of the evidence. However, as this court previously explained in *Holmes*, the forcible entry and detainer action is now moot given the fact that Holmes has already vacated the premises and Landings retook possession. *Id.*, 2020-Ohio-6900 at ¶ 15, 31. Therefore, for the same reasons this court already stated in *Holmes*, Holmes second assignment of error alleging the trial court's decision granting restitution of the premises to Landings was against the manifest weight of the evidence is moot.

{¶ 22} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.