[Cite as *Lakefront of W. Chester, L.L.C. v. Holmes*, 2022-Ohio-1545.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| LAKEFRONT OF WEST CHESTER, LLC, | : | |
| Appellee, | : | CASE NO. CA2021-09-108 |
| | : | O P I N I O N |
| - vs - | | 5/9/2022 |
| | : | |
| ROSALIND HOLMES, | : | |
| Appellant. | : | |


APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CVG2100651

Rosalind Holmes, pro se.


**BYRNE, J.**

{¶1} Rosalind Holmes appeals from a decision of the Butler County Area III Court. In that decision, the area court denied Holmes' motion to stay the execution of a writ of restitution that the court previously granted to Holmes' landlord, Lakefront at West Chester, LLC ("Lakefront"). For the reasons described below, we dismiss this appeal as moot.

{¶2} In June 2021, Lakefront filed a complaint against Holmes in the area court. Lakefront brought a claim for forcible entry and detainer.[1] Lakefront alleged that it was the owner of 4557 Wyndtree Drive, #145 ("the premises") and that Holmes was a tenant of the

---

1. In a second claim not relevant to this appeal, Lakefront asked for unpaid rent and late fees for the month of June 2021 and for ongoing rent and late fees until Holmes vacated the premises.

premises. Lakefront stated that on March 22, 2021, it served Holmes with written notice that it did not intend to renew her lease of the premises as of May 20, 2021. Lakefront further alleged that Holmes had failed to vacate the premises by May 20, 2021, and that Lakefront had served her with a hold-over notice and asked her to leave the premises or face eviction proceedings.

{¶3} Holmes failed to answer the complaint. Instead, proceeding pro se, she removed the eviction proceeding to federal district court. The federal district court subsequently found removal to have been improper and remanded the case to the area court.

{¶4} The area court scheduled an eviction hearing for August 18, 2021. Holmes failed to appear at the hearing on that date. In an entry resulting from the eviction hearing, the court found that Holmes had failed to file a responsive pleading, had failed to appear for the eviction hearing, was in default, and that the court considered the allegations of the complaint admitted. The court further found that Lakefront had provided Holmes with all proper notices for the eviction. The court ordered Holmes to vacate the premises by August 27, 2021. The court also separately issued Lakefront a writ of restitution.

{¶5} Holmes then moved the area court to set aside the eviction judgment. The court denied the motion to set aside. Holmes then moved the court to reconsider its decision denying the motion to set aside. The court denied this motion as well. Holmes then moved the court to set aside the judgment under Civ.R. 60(B) and to stay execution of the writ of restitution. The court denied this motion in a decision and entry. Holmes appealed from this final decision and entry, presenting the following assignments of error.

{¶6} Assignment of Error No. 1:

{¶7} THE TRIAL COURT ABUSED [ITS] DISCRETION IN VIOLATION OF OHIO REVISED CODE 1907.03, JURISDICTIONAL PRIORITY RULE AND OHIO RULES OF

CIVIL PROCEDURE 12(H)(3).

{¶8} Assignment of Error No. 2:

{¶9} THE TRIAL COURT IMPROPERLY DENIED APPELLANT'S MOTION TO SET ASIDE JUDGMENT UNDER RULE 60(B)(1) & (3).

{¶10} Assignment of Error No. 3:

{¶11} THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶12} Holmes' three assignments of error present various arguments challenging the area court's decision granting the forcible entry and detainer portion of Lakefront's complaint, granting a writ of restitution of the premises to Lakefront, and denying her motion to stay execution of the writ. As a preliminary matter, we must determine whether the appeal is properly before this court or whether the appeal is moot. A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Villas at Pointe of Settlers Walk Condominium Assn. v. Coffman Dev. Co., Inc.*, 12th Dist. Warren No. CA2009-12-165, 2010-Ohio-2822, ¶ 9. We may consider the trial record as well as matters outside the trial record to determine whether an appeal is moot. *In re C.L.W.*, 12th Dist. Clermont No. CA2021-05-013, 2022-Ohio-1273, ¶ 29, fn. 1.

{¶13} In an appeal from a different eviction case (also involving Holmes), we summarized the relevant legal concepts:

> "A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property." *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 2000-Ohio-193. A forcible entry and detainer action decides only the right to immediate possession of property and nothing else. *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25 (1981), fn. 11.
>
> Once a landlord has been restored to the property, the forcible entry and detainer becomes moot because, having been restored to the premises, there is no further relief that may be

- 3 -

granted to the landlord. *Showe Mgt. Corp. v. Hazelbaker*, 12th Dist. Fayette No. CA2006-01-004, 2006-Ohio-6356, ¶ 7. Because Holmes has vacated the apartment and Landings retook possession of the apartment, the forcible entry and detainer action is now moot.

*Landings at Beckett Ridge v. Holmes*, 12th Dist. Butler No. CA2020-04-050, 2020-Ohio-6900, ¶ 14-15.

{¶14} The record in this case reflects that Holmes vacated the premises after the court issued the writ of restitution and after the court issued its entry denying Holmes' motions to set aside and stay execution. Specifically, the sheriff's return on the writ indicates that Holmes moved out of the premises on or before September 9, 2021. This would be consistent with Holmes' filings with the area court after that date, which indicate a mailing address for Holmes at an apartment located in Tennessee.

{¶15} Because Holmes vacated the premises and Lakefront retook possession, the forcible entry and detainer portion of Lakefront's complaint is now moot. *Landings*, 2020-Ohio-6900 at ¶ 15. *Accord Landings at Beckett Ridge v. Holmes*, 12th Dist. Butler No. CA2021-09-118, 2022-Ohio-1272, ¶ 21; *Tenancy, L.L.C. v. Roth*, 5th Dist. Stark No. 2019 CA 00034, 2019-Ohio-4042, ¶ 29-30 (holding that when tenant filed Civ.R. 60[B] motion for relief from judgment challenging trial court's grant of writ of restitution to landlord, the case was moot because the tenant had moved out of the rented premises).[2] We therefore decline to address Holmes' three assignments of error and dismiss this appeal as moot.

{¶16} Appeal dismissed.

S. POWELL, P.J. and HENDRICKSON, J., concur.

_____

2. In *Landings*, 2020-Ohio-6900, we examined whether the "capable of repetition, yet evading review" exception might apply to permit appellate review notwithstanding the underlying mootness of the issue. *Id.* at ¶ 15-17. We found that there was no reasonable expectation of repetition due to Holmes being unlikely to rent from the same landlord and that this was not one of the rare, exceptional cases of public or great general interest demanding resolution despite mootness. *Id.* at ¶ 17. On appeal, Holmes has not argued the issue of mootness or exceptions to mootness. For the same reasons set forth in *Landings*, 2020-Ohio-6900, we do not extend the "capable of repetition, yet evading review" exception to this case.